THE STATE OF OHIO, APPELLEE, *v.* FIELDS, APPELLANT, ET AL.
THE STATE OF OHIO, APPELLEE, *v.* FIELDS; LIGGINS,
APPELLANT.

[Cite as State v. Fields (1971), 29 Ohio App. 2d 154.]

155

(Nos. 354 and 360—Decided October 8, 1971.)

*Mr. Harry Friberg,* Prosecuting Attorney, *Mr. Melvin L. Resnick* and *Mr. James E. McCormick,* Assistant Prosecuting Attorneys, for Appellee.

*Mr. Robert W. Penn* and *Mr. Joseph A. Flores,* for Ross Bryan Fields, Jr., Appellant.

*Mr. Marshall R. Desmond* and *Mr. Francis X. Gorman,* for Robert D. Liggins, Appellant.

HOLMES, J. The matter before this court involves appeals by the defendants, Ross Bryan Fields, Jr., and Robert D. Liggins, of jury verdicts and judgments thereon finding the defendants guilty of murder in the first degree, both convictions being with the recommendation of mercy.

The facts in these cases briefly, are that the defendants were jointly indicted by the Grand Jury of Lucas County, Ohio, for murder in the first degree for allegedly killing one Clarence Squaire while the defendants were in the perpetration of a robbery.

The record reveals that the robbery consisted of the snatching of a purse from one Ann Costello, who was on her way to work at Jones & Laughlin Steel Corporation in Toledo, Ohio. The record shows further that the victim of the shooting was a passenger in a pickup truck which had stopped at a stop street adjacent to such Jones & Laughlin plant.

It appears that Squaire, upon noticing the purse snatching in progress, alighted from the truck and attempted to apprehend the perpetrators of the crime. In doing so, he was shot in the head by a bullet from a gun wielded by the defendant Fields who, along with the defendant Liggins, was making a hasty retreat from the scene of the crime.

The defendants, after indictment, made a motion for change of venue, which motion was granted and the case was set for trial in Union County.

The state filed a motion for a joint trial of both defendants, which motion set forth the following grounds for such requested joint trial:

"1. The two defendants acted in concert in the commission of the crime.

"2. The jury in a joint trial would be better able to weigh the testimony and would be in a better position to render justice.

"3. There are no inculpatory statements by either defendant which might prejudice either defendant.

"4. A joint trial would prevent the possibility of a failure of justice."

Upon the hearing of such motion, the court granted the state's request and ordered the defendants to be tried jointly. The defendants excepted to the court's ruling.

Before trial, the defendants filed a motion to suppress certain evidence in the form of a spent .38 calibre casing found in a dresser drawer in the residence of defendant Liggins. The search warrant described the items to be seized as a .38 calibre revolver and a woman's purse.

The trial court overruled defendants' motion to suppress, and this constitutes one of the assignments of error to be discussed hereinafter.

Trial was commenced on the 14th day of May, 1970, in Union County. Testimony was taken, and evidence was presented. The jury, after receiving the matter on the 25th day of May, returned verdicts of guilty against both defendants, and recommended mercy.

Both defendants appeal to this court, alleging basically the same assignments of error, which are to the effect that the trial court committed prejudicial error in granting the motion of the state for a joint trial of the defendants, and that the trial court committed error in admitting as evidence the allegedly illegally seized .38 calibre shell.

The defendant Fields presents the additional assign-

ment of error to the effect that the testimony of Police Captain Vetter as to statements made by the defendant Fields after arrest were erroneously permitted by the trial court in that the state failed to show that the defendant understood his constitutional rights, as afforded by *Miranda* v. *Arizona* (1966), 384 United States 436.

After a full review of the transcript of the record, the bill of exceptions, the briefs, and oral argument, we conclude that there has been no prejudicial error committed against either of these defendants.

I.

Both of the appellants assign as error that the trial court erred in granting a joint trial pursuant to a motion under R. C. 2945.20, and that such error, both in procedure and substance, was prejudicial.

R. C. 2945.20, the section of law with which we are concerned in this assignment, is as follows:

"When two or more persons are jointly indicted for a capital offense, each of such persons shall be tried separately. The court, for good cause shown on application therefor by the prosecuting attorney or one or more of the defendants, may order said defendants to be tried jointly."

The right to separate trials, as granted by this section to one of two or more jointly indicted for a capital offense, is a right which may be overcome only for good cause shown, the burden of showing the same being upon the state. *State* v. *Dingledine* (1939), 28 Ohio Law Abs. 685.

What may be, or conversely what may not be, good cause, has not been the subject of much case law in this state. However, the case of *State* v. *Abbott* (1949), 152 Ohio St. 228, alludes to this general area of concern within the body of the opinion, as follows:

"Since the applicable statute provides that persons jointly indicted for a capital offense shall be separately tried unless for good cause shown the court orders otherwise, the burden of showing good cause is necessarily upon

the party or parties making the application for a joint trial, and such good cause must necessarily be some operative factor not present in every case of joint indictments of defendants in capital cases. For instance, the additional time and labor required of the state or court, or the expense to the state, made necessary by separate trials, cannot be assigned or considered as good cause."

The court went on to hold that the state, which had made the motion for the joint trial of the defendants, had offered no evidence to sustain the burden upon them.

Further, the Supreme Court, in holding that the trial court abused its discretion in granting the motion for joint trials, found that the trial court at the time the application for a joint trial was heard, was advised of the fact that there was in existence a written confession of guilt on the part of one of the defendants implicating the co-defendant.

Also, in this regard, the trial court in State v. Abbott, in granting the motion for joint trial took the position that the confession of the one defendant was competent evidence as against the one making such confession, but not as against the co-defendant.

The Supreme Court, following the earlier decision of State v. Rosen (1949), 151 Ohio St. 339, proceeded to hold that under such circumstances there would be prejudicial error even though the trial court carefully instructs the jury that it should not consider the confession except as against the confessor.

The right to consider the merits of any such motion to jointly try defendants in a capital case is within the trial court. The granting or denying of such motion, after hearing, is within the sound judgment and discretion of the trial court, State v. Perod (1968), 15 Ohio App. 2d 115.

The statute being silent as to the manner in which good cause shall be shown, such may, therefore, be shown in any reasonable manner consistent with proof of motions generally, including a showing by the professional statement of counsel.

To require evidence would in some circumstances result in proof on the issue of the commission of the crime to be adduced before the commencement of trial. The determination of the motion then remains within the sound discretion of the trial court, taking into consideration those matters as presented to the court on the question of trying the defendants jointly.

Here, at the hearing on the motion before the trial court, the state, acting through the prosecutor, alluded to the four basic reasons for the joint trial, as set forth in the application, and then proceeded to state in support thereof that the evidence would show that the defendants had been seen together sometime prior to the commission of the crime; that for approximately one hour the defendants were at or about the location where the crime occurred; that they both took part in the actual robbery; that they had fled the scene together toward an automobile which both had previously been observed riding in prior to the crime; that the murder had taken place during the time both defendants were making their escape; and that the two defendants remained together for some period of time after the crime, and had done certain additional things together.

The prosecutor argued further that the application should be granted in that the defendants acted in concert in the commission of the crime; and further, that in a joint trial the jury would be better able to weigh the testimony and be in better position to render justice in the case.

The prosecutor pointed out to the court that there were no inculpatory statements made by either defendant that would possibly prejudice the other defendant.

Finally, the prosecutor argued that from the information the state had, the defenses as presented by each defendant should be the same.

A review of the motion for a joint trial of the defendants and of the matters before the trial court at the time of the hearing of such motion, and of all of the facts and circumstances surrounding this particular proceeding,

does not show that the trial court had, in fact, abused its discretion in its ruling upon the motion.

It should be pointed out that, although separate trials must in all cases result in additional time and labor as well as expense, such result may not generally be considered in determining good cause for the joinder of trials, *State v. Abbott, supra.*

However, we feel that the situation presented here provides an additional element which may be considered, that of the change of venue of this proceeding. Such change of venue required the transportation of witnesses, exhibits, case materials and counsel for considerably greater distances than would otherwise have been necessary. Duplication of this inconvenience and expense should not be permitted unless the elimination thereof by a joint trial would result in actual prejudice to the defendants jointly tried.

Within the facts of this matter, we find there to be no prejudicial error committed by the trial court in granting the motion of the state for a joint trial of these appellants.

## II.

In the second assignment of error, the defendants argue that the admission of the .38 calibre shell, or casing, was prejudicial error in that such casing had been illegally seized.

The search warrant, as issued by the Toledo Municipal Court, described a .38 calibre revolver and a ladies' purse and contents as that which was to be seized. However, neither of such items were found, but instead the police officers found a spent .38 calibre shell in the dresser drawer of the defendant Liggins' bedroom.

It was the contention of the state, at the time of the motion to suppress this evidence, and here again on these appeals, that such evidence was properly admitted in that regardless of the fact that the property seized was not specifically described in the search warrant, the seizure of the shell casing was valid under two theories.

One, that based upon other evidence known to the of-

ficers, the article seized was closely related to the crime being investigated. Secondly, that the officers had reasonable cause to believe that the shell casing was an instrumentality of the crime.

We agree with the appellee that the case of *Warden* v. *Hayden* (1967), 387 U. S. 294, is dispositive of this assignment of error. The .38 calibre casing was discovered in the area properly being searched within the purpose for which the search warrant had been issued. The .38 calibre shell casing may be considered as being relevant to, if not a component part of, the instrumentality of the crime, as well as the crime itself. As a firearm, a revolver is of little use without ammunition, which is composed of the bullet, the shell, and the necessary powder or charge. The latter elements, coupled with the former, constitute the complete instrumentality possessing the capabilities of facilitating the commission of a crime.

Also, as alluded to, the item found in this instance, *i. e.,* the spent .38 calibre shell casing, did in fact have a reasonable relationship to the purpose of the search. The validity for such a seizure of items not specifically listed in the search warrant was upheld in the cases of *United States* v. *Russo* (1966), 250 F. Supp. 55, and *United States* v. *Stern,* 225 F. Supp. 187.

The defendants' assignment of error number two is without merit.

### III.

Defendant Fields claims that the testimony concerning his conversation with Captain Vetter should not have been allowed by the trial court in that Fields had not understood his constitutional rights as set forth in *Miranda* v. *Arizona, supra.* Further, the defendant Fields states that he was not in position to properly evaluate the rights as set forth in *Miranda* in that he was not represented and advised by legal counsel at the time of his arrest, and the reading of the card containing the *Miranda* rights.

We reject both propositions. In the first instance, Captain Vetter testified that the defendant Fields had read

the card upon which were typed the rights of the accused pursuant to *Miranda*. Further, that he had read such material aloud and, at the conclusion of reading same, that Captain Vetter had asked Fields if he understood these rights, and he said that he did.

This fact, coupled with the fact that the defendant also disclosed that he had gone to high school through the eleventh grade, would be reasonably sufficient to show that the defendant Fields understood the material explaining his legal rights upon being arrested.

On the other point relating to legal counsel being required at the moment of reading the *Miranda* rights in order for the defendant to have understood and evaluated his rights, suffice it to state that the United States Supreme Court did not require such in *Miranda*, or in any other case to our knowledge.

Until the Supreme Court of the United States enlarges the meaning of the law contained therein, we shall not. This assignment of error is not well taken.

Based upon all of the foregoing, we hold that all assignments of error as relate to each defendant are without merit, and the judgment of the Common Pleas Court of Union County is hereby affirmed.

*Judgment affirmed.*

GUERNSEY, J. (presiding), and COLE, J., concur.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the Third Appellate District.