THE STATE OF OHIO, APPELLEE, *v.* MATTHEWS, APPELLANT.

(No. 47134—Decided March 19, 1984.)

*Mr. Jose C. Feliciano,* chief police prosecutor, and *Mr. David M. Lynch,* for appellee.

*Mr. Edward S. Wade,* for appellant.

NAHRA, J. This is an appeal from the Cleveland Municipal Court jury verdict convicting Karen Matthews, appellant, of soliciting. Appellant contends that the trial court improperly admitted "other acts" testimony to her prejudice and that the jury verdict is against the manifest weight of the evidence. For the reasons set forth below, we reverse appellant's conviction and remand for a new trial.

On the evening of April 29, 1983, at about 12:20 a.m., Lieutenant David Good, Detective Mark Kabat, and Officer Robert Haug, while undercover on vice patrol, observed appellant walking westbound on Lorain Avenue at or near West 32nd Street. Appellant was wearing a yellow blouse or T-shirt, a white nylon jacket, blue jeans, and white tennis shoes.[1] The officers testified that they recognized appellant since appellant allegedly solicited Officer Haug two weeks earlier on April 14 at which time she was arrested.[2] Because of this alleged earlier encounter with appellant, officers Haug and Kabat remained behind to retain the vice operation's cover. Lieutenant Good pursued appellant alone for approximately fifteen minutes to one-half hour.

Lieutenant Good testified that appellant smiled and waved to him as he passed her on Detroit at about West 44th Street. He testified that he pulled his car to the curb, rolled his passenger window down, and that appellant of-

fered him oral sex for fifteen bucks. Lieutenant Good was not wired and there were no witnesses to the conversation. When Good suggested going to his place, he testified appellant raised the price to twenty dollars. Appellant got in Good's car and rode with Good to where officers Kabat and Haug were waiting. Lieutenant Good and Detective Kabat testified that appellant verbally recognized Kabat and Haug from the earlier April 14 arrest at the time of this arrest. All three officers testified that appellant indicated she would not come back into this area again if they would let her go.

Appellant testified that she lived on Franklin Avenue, one street over from Detroit, and that she was on her way to the Big Egg restaurant to buy a sandwich and cigarettes. She testified that Lieutenant Good pulled over and told her to come to the car. When she did, Good told her he had twenty-five dollars and that he wanted oral sex. Appellant asked if he was the Vice. Lieutenant Good showed his badge and ordered appellant into his car. Appellant testified that she made no statements at the time of her arrest by the three officers.

I

Appellant's first assignment of error is that:

"The trial court erred by allowing several state witnesses to testify against the defendant-appellant as to crimes she allegedly committed against them under the 'similar acts statute' over defendant-appellant's objection."

Over the objections of defense counsel, the trial court permitted the police officers to testify that appellant was arrested for promoting prostitution two weeks earlier at 10:30 p.m. in the same location wearing the same cloth-

---

[1] The police officers were similarly dressed.

[2] The record does not indicate the disposition of this arrest, other than a reduction in the charge.

ing. The prosecutor argued that this other act was admissible to show appellant's motive, intent and plan in committing the April 29 offense.

Generally, "evidence of previous or subsequent criminal acts, wholly independent of the criminal offense for which a defendant is on trial, is inadmissible." *State* v. *Thompson* (1981), 66 Ohio St. 2d 496, 497 [20 O.O.3d 411]. Evidence of other acts is inadmissible to show the defendant's propensity or inclination to commit an offense. *State* v. *Curry* (1975), 43 Ohio St. 2d 66, 68 [72 O.O.2d 37]. The only exceptions to the general rule of inadmissibility are set forth in Evid. R. 404(B). Rule 404(B) provides that:

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

As the prosecutor argues, proof of motive, intent and plan are proper purposes. To be relevant, however, and therefore admissible, the other act testimony must "[tend] to make the existence of any fact that is of consequence * * * more probable or less probable * * *." Evid. R. 401. Even if the evidence is relevant, it must be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice * * *." Evid. R. 403(A). Other act evidence is never admissible, however, "when its sole purpose is to establish that the defendant committed the act alleged of him in the indictment." *State* v. *Thompson, supra,* at 497-498.

The issue in this case is whether appellant solicited Lieutenant Good. Motive is generally relevant in all criminal cases since it is assumed that human behavior is prompted by a desire to achieve specific results. *State* v. *Curry, supra,* at 70-71. However, the

motive for soliciting is apparent. A person solicits to obtain money. Cf. *id.* (the motive for statutory rape is sexual gratification). Since motive was not a material issue at appellant's trial, the other act testimony was inadmissible to prove motive.

Appellant's intent is relevant "only if the statute defining the offense requires a particular intent." *Id.* The offense of soliciting provides, in part, that:

"No person shall solicit another to engage with such other person in sexual activity for hire. This section forbids the solicitation of paid sexual activity, whether the solicitor is the one buying or selling his or her favors." Cleveland Codified Ordinance 619.09(a).

No specific intent is required. Therefore, the other act testimony was inadmissible to prove intent.

Other act evidence to show scheme, plan or system is relevant in two situations. First, another act is relevant if it "form[s] part of the immediate background of the alleged act which forms the foundation of the crime charged* * *." *State* v. *Curry, supra,* at 73. In this situation, the other act must be inextricably related to the charged offense so that "it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts." *Id.*

Appellant's prior act, although close in time to the charged offense, cannot be said to form the foundation of the current alleged offense. Appellant's other act was a chronologically and factually separate occurrence and not inextricably related to the act in question. See *State* v. *Thompson, supra; State* v. *Eubank* (1979), 60 Ohio St. 2d 183 [14 O.O.3d 416]; *State* v. *Curry, supra.* Nor was appellant's alleged other act necessary to give the jury the complete picture of what occurred. Cf. *State* v. *Wilkinson* (1980), 64 Ohio St. 2d 308 [18 O.O.3d 482] (taped conversations involving the sale of drugs provided the set-

ting for the current drug transaction). Further, it cannot be said that the current charge of soliciting could not be proven independently.

The second situation in which other act evidence may be relevant to show scheme or plan is when the identity of the perpetrator is in issue. *State* v. *Curry, supra,* at 73. Appellant's identity is not in issue. She admits to being where she was; she has presented no alibi defense. The other act testimony was improperly admitted to show scheme or plan under either situation above.

The city argues that any error in admitting the other act testimony was cured by the court's limiting instruction. However, the limiting instruction, while limiting the use of the evidence with regard to proving the charged crime, permitted the use of the other act evidence for precisely the purposes which we find to be irrelevant and improper. Therefore, the limiting instruction did not cure the error, but rather enhanced the error.

We also cannot conclude that the admission of the other act testimony was harmless error. On the contrary, the other act testimony was most incriminating. Upon review of the record, putting aside the other act testimony, the independent evidence of guilt is not overwhelming. There is, therefore, more than a reasonable possibility that the officers' other act testimony contributed to appellant's conviction. See *State* v. *Thompson, supra,* at 499. Moreover, even if relevant, the probative value of the other act evidence would be substantially outweighed by the danger of unfair prejudice as proscribed in Evid. R. 403(A). Accordingly, we reverse appellant's conviction and remand for a new trial.

## II

Appellant's second assignment of error is that:

"The trial court erred in entering judgment upon the evidence presented at trial in that the verdict was manifestly against the weight of the evidence."

Because of our disposition of appellant's first assignment of error that prejudicial evidence was admitted, we cannot properly evaluate this assignment of error.

The judgment of the trial court is reversed and this case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded.*

MARKUS, P.J., concurs.

PATTON, J., dissents.