THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. C-850402 — Decided December 10, 1986.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *Christian J. Schaefer,* for appellee.

*Daniel F. Burke, Jr.,* for appellant.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

The defendant-appellant, Debra Denise Brown, was indicted by the Hamilton County Grand Jury in a five-count indictment charging her with two counts of aggravated murder, aggravated burglary, aggravated robbery, and attempted aggravated murder. The charge of aggravated murder included death penalty specifications. A jury found Brown guilty of both counts of aggravated murder and the remaining counts of attempted aggravated murder, aggravated burglary, and aggravated robbery. The jury found Brown not guilty of the death penalty specifications. She was subsequently sentenced to life in prison, without parole for twenty years, and three consecutive terms of ten to twenty-five years plus costs. From the judgment of the court below, Brown has taken this timely appeal.

The evidence presented at trial established that on July 13, 1984, the appellant and her co-defendant, Alton Coleman ("Coleman"), entered the home of Marlene and Harry Walters under the pretense of wanting to purchase a camper the Walterses were selling. Once inside the Walterses' home, Brown and Coleman robbed the Walterses. The Walterses were later found bound, beaten, and lying together in the basement. Brown and Coleman had taken money, personal items, and a car, all of which belonged to Marlene and Harry Walters or their daughter Sheri.

Marlene Walters died as a result of the beating that she received, and Harry Walters was seriously injured.

In her first assignment of error, Brown asserts that the trial court erred to her prejudice by overruling her motion for a joint trial with co-defendant Coleman. We disagree. When two or more persons are jointly indicted for a capital offense, the court is required by statute to grant them separate trials. The court may grant joint trials in a capital case only for good cause shown by the party making the application. R.C. 2945.20. The appellant argues that the statute provides her with alternative rights: the right to a separate trial or, if she chooses to waive that right, the right to a joint trial. The argument is a novel interpretation of the statute and we have found no cases in which a defendant has been the moving party in a motion for joint trials. While we agree that the statute grants the right to a separate trial, we do not agree that this right is waivable by either party without the consent of the court. The statute provides that a party, prosecution or defense, must make application to the court for a joint trial and that, for good cause shown, the court may grant a joint trial. The granting of the motion for a joint trial is within the discretion of the trial court. *State* v. *Fields* (1971), 29 Ohio App. 2d 154, 58 O.O. 2d 212, 279 N.E. 2d 616, citing *State* v. *Abbott* (1949), 152 Ohio St. 228, 40 O.O. 282, 89 N.E. 2d 147.

The statute does not offer a definition of "good cause." In *Fields,* in an opinion by Judge Robert E. Holmes, the Court of Appeals for Union County defined "good cause" as " 'some operative factor not present in every case of joint indictments of defendants in capital cases.' " *Fields, supra,* at 158, 58 O.O. 2d at 214, 279 N.E. 2d at 619, quoting *Abbott, supra,* at 236, 40 O.O. 2d at 286, 89 N.E. 2d at 151. We believe that this definition is sound and we

choose to use it in this case. At the hearing in which Brown's motion for a joint trial was argued, Brown, through her counsel, presented two reasons to support her motion: Brown wanted to be tried with co-defendant Alton Coleman, and Brown's counsel believed that a joint trial was necessary for the adequate preparation and presentation of her case. Counsel for the defendant did not argue that these reasons were operative factors which are not present in every case of joint indictments of defendants in capital cases and we do not find that they are. Further, in her arguments before this court, Brown does not assert that her representation was in fact inadequate because of her separate trial. Neither does she argue that her separate trial prejudiced her rights in any way.[1] Therefore, basing our review of the trial court's decision upon both the arguments of counsel at the motion hearing and the nonprejudicial effect of the separate trial, we find that the trial court did not abuse its discretion in refusing to allow Debra Brown to be tried jointly with Alton Coleman. See *Pembaur* v. *Leis* (1982), 1 Ohio St. 3d 89, 91, 1 OBR 125, 127, 437 N.E. 2d 1199, 1201.

In her second assignment of error, Brown asserts that the trial court erred to her prejudice by allowing the state to call witnesses who were not related to her case. We do not agree.

In its case-in-chief, the state called eight witnesses who testified concerning other acts that had been committed by Brown and the co-defendant Coleman. The witnesses described how Brown and Coleman had gained entry to their homes and robbed them. They were able to provide detailed accounts of Brown's role in each of the robberies. The testimony reveals a pattern of conduct in the attacks upon the four couples who testified and the attack upon Marlene and Harry Walters. This evidence of other acts committed by Brown is admissible as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid. R. 404(B); R.C. 2945.59. On the record before us, the probative value of the evidence was not substantially outweighed by the possibility of unfair prejudice. *State* v. *Matthews* (1984), 14 Ohio App. 3d 440, 14 OBR 559, 471 N.E. 2d 849. The second assignment of error is without merit. The judgment of the court below is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.

---

[1] The only exception is her assertion that she was denied the right to waive her separate trial, which we have addressed above.