872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. MATHEWS, Petitioner-Appellant,
v.
Ronald C. MARSHALL and William Brown, Respondents-Appellees.
 No. 88-3581.
 United States Court of Appeals, Sixth Circuit.
 April 14, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Michael Mathews appeals the district court's dismissal of his petition for writ of habeas corpus. For the reasons stated below, we affirm.
 
 
 2
 The facts which gave rise to this case occurred on February 17, 1978. On that day, Mathews and Stephen Daugherty robbed a bank in Alexandria, Ohio. The vehicle used by the two men in their get-away was spotted and a high speed chase with police ensued. Shortly thereafter, Mathews and Daugherty were surrounded by police in a farmhouse. Four minutes after the first police car arrived, one of the men exited the farmhouse and announced that they had hostages. The man returned to the farmhouse. The police then heard shots fired from inside the house. Four minutes later, Mathews left the house and surrendered to police. Daugherty was found dead inside the house, shot once in the head and once in the chest. Initially, the coroner ruled that the death was a suicide.
 
 
 3
 Mathews was subsequently indicted on and pled guilty to one count of aggravated robbery under Ohio Rev.Code Ann. Sec. 2911.01. On June 1, 1978, Mathews was indicted by grand jury on one count of aggravated murder in violation of Ohio Rev.Code Ann. Sec. 2903.01(B). A jury found Mathews guilty of aggravated murder and he was sentenced to life imprisonment. The judgment of conviction was affirmed on appeal on August 9, 1978 by the Ohio Court of Appeals. Mathews sought leave to appeal to the Ohio Supreme Court. On December 7, 1979, the Ohio Supreme Court overruled Mathews' motion for leave to appeal.
 
 
 4
 Mathews then filed a petition for writ of certiorari with the United States Supreme Court, which vacated the state appellate judgment for reconsideration in light of Illinois v. Vitale, 447 U.S. 410 (1980). Mathews v. Ohio, 448 U.S. 904 (1980). On remand, the state appellate court applied Vitale to the facts of Mathews' case, modified his conviction to one of murder in violation of Ohio Rev.Code Ann. Sec. 2903.02, and reduced his sentence to a term of fifteen years to life imprisonment.
 
 
 5
 Mathews again sought leave to appeal to the Ohio Supreme Court but that court denied review. On May 4, 1981, the United States Supreme Court denied Mathews' petition for writ of certiorari.
 
 
 6
 On October 14, 1981, Mathews filed a petition for writ of habeas corpus in federal district court pursuant to 28 U.S.C. Sec. 2254. He alleged that his conviction for murder violated the double jeopardy clause of the fifth amendment. On April 19, 1983, the district court denied Mathews' petition.
 
 
 7
 Mathews then appealed to this Court which reversed the district court's judgment. Mathews v. Marshall, 754 F.2d 158 (6th Cir.1986). Mathews appealed this Court's decision to the United States Supreme Court which granted certiorari and reversed. Morris v. Mathews, 475 U.S. 237 (1986). The Supreme Court remanded the case to this Court and instructed it to determine (1) whether certain evidence presented at Mathews' trial should have been excluded and, (2) if so, whether there is a "reasonable probability" that, absent the disputed evidence, the outcome of Mathews' trial would have been different.
 
 
 8
 This Court remanded the case to the district court which denied Mathews' petition in an order dated June 8, 1988. Mathews takes his appeal from this order.
 
 
 9
 The district court found that under Rule 404(b), Ohio R.Evid. evidence of other crimes or wrongs may not be admitted to show the defendant's bad character or propensity to crime. Such evidence may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Ohio R.Evid. 404(b). Likewise, the district court found that Ohio Rev.Code Ann. Sec. 2945.59 (Anderson 1987) permits the introduction of evidence for purposes similar to those articulated in Rule 404(b) "notwithstanding that such proof may show or tend to show the commission of another crime by the defendant." Ohio Rev.Code Ann. Sec. 2945.59.
 
 
 10
 For evidence of a defendant's other acts to be admitted under either Rule 404(b) or section 2945.59, however, the district court found that such acts must be relevant to prove the defendants guilt of the offense in question. State v. Demarco, 31 Ohio St.3d 191, 509 N.E.2d 1256 (1987). The district court found that relevant evidence is evidence which makes the existence of an act more or less probable. Relevant evidence may, however, be excluded where its probative value is substantially outweighed by the danger of unfair prejudice. See State v. Mathews, 14 Ohio App.3d 440, 442, 471 N.E.2d 849 (1984).
 
 
 11
 Applying this law to the facts of this case, the district court found that evidence concerning the manner of Mathews' participation in the bank robbery could not be properly admitted to a separate trial for murder. A great deal of this evidence was presented at Mathews' trial for aggravated murder. For example, evidence was presented which showed that Mathews shopped for a bank to rob, that he obtained a sawed-off shotgun which he used in the robbery, that he stole a vehicle to escape, and that he considered taking hostages. The district court found that this highly prejudicial evidence characterized Mathews as a generally violent criminal.
 
 
 12
 The district court also found, however, that evidence which showed that Mathews did participate in the robbery was admissible. The court noted that "Daugherty's death was a direct consequence of the robbery." The district court determined that the fact that Mathews participated in the robbery was probative of whether Mathews actually killed Daugherty and whether he had a motive for so doing. Furthermore, the court noted that under Ohio law "evidence of other crimes is admissible to show the setting, circumstances, or background of the offense charged." See State v. Wilkinson, 64 Ohio St.2d 308, 415 N.E.2d 261 (1980); State v. Hughley, 20 Ohio App.2d 77, 81, 484 N.E.2d 758 (1984).
 
 
 13
 Mathews does not dispute the district court's conclusions of law. Instead, he suggests that there is a "reasonable probability" he would have been acquitted in a simple murder trial because of alleged inconsistencies between his confessions, the pathologist's conclusions, and other physical evidence. This argument is without merit. Mathews suggests that there is sufficient uncertainty as to which of the two shots was fatal to Daugherty so as to "undermine confidence in the outcome." Morris v. Mathews, 475 U.S. at 247. Mathews argues that there is a reasonable probability that he would have been acquitted because a jury would have found that Daugherty died of the initial self-inflicted wound to the head, not the subsequent wound to the chest. The evidence presented at trial, however, clearly shows that the second shot killed Daugherty. The forensic pathologist testified at trial that the presence of blood in Daugherty's lungs showed that he continued to live after the first wound. Moreover, Daugherty's death following the second shot is consistent with both of Mathews' confessions.
 
 
 14
 Mathews also argues that the evidence indicates that Daugherty committed suicide. The district court correctly found that because the pathologist testified that the head wound rendered Daugherty unconscious, suicide was impossible. The district court also correctly notes that Mathews twice confessed to the murder of Daugherty. In each of these confessions Mathews stated that he killed Daugherty in order to prevent Daugherty from contradicting his initial story. Mathews originally told the police that Daugherty kidnapped him and forced him to aid in the bank robbery. Although Mathews later recanted these confessions, they were properly admitted as evidence. Furthermore, a polygraph examination revealed that Mathews was being deceptive when he denied shooting Daugherty. The district court correctly found that the results of the polygraph examination were admissible. State v. Sorrel, 53 Ohio St. 123, 372 N.E.2d 1318 (1978).
 
 
 15
 We conclude that the district court correctly found that Mathews failed to meet his burden of demonstrating a reasonable probability that he would not have been convicted in a separate murder trial. We affirm the denial of Mathews writ of habeas corpus.