THE STATE OF OHIO, APPELLANT, *v.* NAGEL, APPELLEE.

[Cite as *State v. Nagel* (1999), 84 Ohio St.3d 280.]

(Nos. 97–2120 and 97–2274—Submitted September 28, 1998—Decided January 6, 1999.)

*Julia R. Bates,* Lucas County Prosecuting Attorney, *Brenda J. Majdalani* and *Louis E. Kountouris,* Assistant Prosecuting Attorneys, for appellant.

*Jeffrey M. Gamso,* for appellee.

---

DOUGLAS, J. The issue for our consideration is whether the requirements of R.C. 2945.05 apply to requests made by a defendant pursuant to former R.C. 2941.142 and 2941.143 to have the trial judge, in a case tried by a jury, determine guilt or innocence on prior-conviction specifications. For the reasons that follow, we find that R.C. 2945.05 does not apply to such requests. Accordingly, we reverse the judgment of the court of appeals on that issue, and we reinstate the judgment of the trial court.

Former R.C. 2941.142 provided that "[i]mposition of a term of actual incarceration upon an offender pursuant to division (B)(1)(b), (2)(b), or (3)(b) of section 2929.11 of the Revised Code because the offender has previously been convicted of or pleaded guilty to any aggravated felony of the first, second, or third degree * * * is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender has previously been convicted of or pleaded guilty to such an offense." R.C. 2941.142 provided further that "[i]f an indictment, count in an indictment, or information that charges a defendant with an aggravated felony contains such a specification, *the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing.*" (Emphasis added.) 140 Ohio Laws, Part I, 602.

Similarly, former R.C. 2941.143 provided that "[i]mposition of an indefinite term pursuant to division (B)(6) or (7) of section 2929.11 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies either that, during the commission of the offense, the offender caused physical harm to any person or made an actual threat of physical harm to any person with a deadly weapon * * *, or that the offender has previously been convicted of or pleaded guilty to an offense of violence." R.C. 2941.143 also provided that "[i]f an indictment, count in an indictment, or information that charges a defendant with a third or fourth degree felony contains such a specification, *the defendant may request that the trial judge, in a case tried by a jury, determine the existence of the specification at the sentencing hearing.*" (Emphasis added.) *Id.* at 602–603.

Here, each of the four counts in the indictment against appellee carried a specification alleging that he had previously been convicted of aggravated burglary. The specifications were included in the indictment to comply with the requirements of former R.C. 2941.142 and 2941.143. As was authorized by those statutes, appellee, through his counsel, made a "request" to have the trial judge, and not the jury, determine the specifications alleged in the indictment. The trial court granted that request. Therefore, after the jury had returned its verdicts

on each of the three counts that had been tried by jury, the trial judge, at the sentencing hearing, determined the specification in connection with each count. Although the procedure employed by the trial court was expressly authorized under former R.C. 2941.142 and 2941.143, the court of appeals' majority nevertheless concluded that something more was required for appellee to have waived a jury trial on the prior conviction specifications—*i.e.*, compliance with the requirements of R.C. 2945.05. We disagree with the judgment of the court of appeals on that issue.

R.C. 2945.05 provides:

"In all *criminal cases* pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." (Emphasis added.)

R.C. 2945.05, by its very terms, applies to pending "criminal cases." Therefore, the question whether R.C. 2945.05 applies to requests by a defendant pursuant to former R.C. 2941.142 or 2941.143 to try prior-conviction specifications to the trial judge, and not to the jury, is entirely dependent on the meaning of the phrase "criminal cases." Our understanding of the phrase is that it encompasses the underlying charge or charges in the criminal action against the accused but does not necessarily encompass the specification or specifications attached thereto. The reason, of course, is that a specification is, by its very nature, ancillary to, and completely dependent upon, the existence of the underlying criminal charge or charges to which the specification is attached. Therefore, we have difficulty understanding precisely how it is that R.C. 2945.05 could be found to apply in circumstances where, as here, a defendant has received a jury trial on the merits of the underlying charges alleged in the indictment.

The conclusion that R.C. 2945.05 does not apply in the context of the present appeal becomes even more obvious when we look to the provisions of former R.C. 2941.142 and 2941.143. Those statutes affirmatively answer the question of what constitutes a criminal "case" in the context of the case at bar. R.C. 2941.142 and 2941.143 stated that "the defendant may request that the trial judge, in a *case* tried by a jury, determine the existence of the specification at the sentencing hearing." (Emphasis added.) The use of the word "case" in these former statutes lends meaning to the word "cases" in R.C. 2945.05. Obviously, the "case" to which former R.C. 2941.142 and 2941.143 refer is composed solely of the underlying charges against the defendant, and does not include a specification that the defendant has requested the trial judge to determine. Therefore, reading these statutes and R.C. 2945.05 together leads to the inescapable conclusion that the phrase "criminal cases" in R.C. 2945.05 does not encompass the type of specifications addressed in former R.C. 2941.142 and 2941.143.

Appellee protests, however, that *Pless,* 74 Ohio St.3d 333, 658 N.E.2d 766, supports the holding of the court of appeals. In *Pless,* paragraph one of the syllabus, we held:

"In a criminal case where the defendant elects to waive the right to trial by jury, R.C. 2945.05 mandates that the waiver must be in writing, signed by the defendant, filed in the criminal action and made part of the record thereof. Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury."

*Pless* mandates strict compliance with the requirements of R.C. 2945.05, but does not mandate compliance with R.C. 2945.05 where that statute is clearly inapplicable. Here, R.C. 2945.05 had no applicability to appellee's request to have the trial judge determine the existence of the prior-conviction specifications, and the criminal case against appellee was, in fact, tried by jury. Therefore, appellee's reliance on *Pless* is misplaced.

Accordingly, for the foregoing reasons, we reverse the judgment of the court of appeals on the sole issue before us, and we reinstate the judgment of the trial court. We hold that the requirements of R.C. 2945.05 for waiving a jury trial in "criminal cases" do not apply to requests made by a defendant under former R.C. 2941.142 or 2941.143 to have the trial judge, in a case tried by a jury, determine the prior-conviction specifications.

*Judgment reversed.*

MOYER, C.J., KOEHLER, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs separately.

RICHARD N. KOEHLER, J., of the Twelfth Appellate District, sitting for RESNICK, J.

———

COOK, J., concurring. I agree with the conclusion of the majority that the requirements of R.C. 2945.05 do not apply to requests made by a defendant, pursuant to former R.C. 2941.142 or 2941.143, to have the trial judge determine the prior-conviction specifications. I cannot, however, join the opinion of the majority because I am unconvinced that the phrasing "criminal case" justifies our conclusion.

Though I continue to believe that this court's decision in *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, is incorrect and that the requirements in R.C. 2945.05 are directory rather than mandatory, see *id.* at 341–342, 658 N.E.2d at

771–772 (Cook, J., dissenting), *Pless* is inapposite to the separate trial of these specifications. This court decided *Pless* on statutory construction, not constitutional, grounds. The majority of the *Pless* court simply reasoned that the words selected by the General Assembly in R.C. 2945.05 were to be enforced as written. *Id.* at 340, 658 N.E.2d at 770. Though the court of appeals here seemed to read it otherwise, *Pless* is a narrow opinion; it does not hold that every nonjury determination of guilt must meet the R.C. 2945.05 requirements.

By the same token, then, no contradiction results from applying a strict statutory construction to inform our decision as to bifurcation of the trial of these specifications. The words of former R.C. 2941.142 and 2941.143 permit bifurcation upon the "request" of a defendant. There is no reason in either the language or the purpose of the statutes to reach out for an overlay from R.C. 2945.05.

Moreover, these statutes have very different purposes and do not intersect or conflict. The patent motivation of the General Assembly in enacting R.C. 2945.05 was to ensure that a defendant's waiver of his constitutional right to trial by jury was express and recorded. By contrast, the intent of the General Assembly in former R.C. 2941.142 and 2941.143 was to *shield* a defendant from a prejudiced jury by allowing evidence of a prior conviction to be withheld from the jury. See *State v. Allen* (1987), 29 Ohio St.3d 53, 55, 29 OBR 436, 438, 506 N.E.2d 199, 201 ("The existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule.").

I therefore concur in the decision of the majority to reverse the judgment of the court of appeals, but offer different reasons.