[Cite as *State v. Sutton*, 2011-Ohio-6270.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96408

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TIMOTHY SUTTON, JR.

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-543964

**BEFORE:** Kilbane, A.J., Boyle, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** December 8, 2011
**ATTORNEY FOR APPELLANT**

Bruce M. Courey
5546 Pearl Road
Parma, Ohio 44129

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Jeffrey S. Schnatter
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Timothy Sutton, Jr., appeals from his conviction for burglary. For the reason set forth below, we reverse and remand for a new trial.

{¶ 2} On November 17, 2010,[1] defendant was indicted on one count of burglary, in violation of R.C. 2911.12(A)(2),with notice of a prior conviction and a repeat violent offender specification alleging that defendant was convicted of burglary in Case No. CR-476939 in 2006, and one count of vandalism in violation of R.C. 2909.05(A). Defendant pled not guilty, and he waived his right to a jury trial as to the notice of prior conviction and the repeat violent offender specification.[2]

{¶ 3} On December 28, 2010, the State filed a Notice of Intent to Use 404(B) Evidence of Prior Acts. In this notice, the State indicated as follows:

> **"The state intends to offer testimony from Edward Laster who testified against defendant in connection with defendant's 2006 conviction for burglary."**

{¶ 4} The matter proceeded to jury trial on January 19, 2011. The State's evidence indicated that in early 2010, real estate agent Pearlie Durrah (Durrah) was retained by Benet

---

[1]Defendant was originally indicted in Case No. CR-542853 for burglary in violation of R.C. 2911.12(A)(4), and vandalism in violation of R.C. 2909.05(A).

[2]No jury waiver was executed in this matter, but we note that in *State v. Nagel,* 84 Ohio St.3d 280, 1999-Ohio-507, 703 N.E.2d 773, syllabus, the Ohio Supreme Court held that the requirements of R.C. 2945.05 for waiving a jury trial do not apply to prior-conviction specifications.

McMillan, the administrator of the estate of Vivian Dubois (Dubois), to sell Dubois's two-family home located at 3641 Martin Luther King Boulevard in Cleveland. Although no one was currently living in the house, it contained various furnishings, a piano, and small organ. In addition, Durrah and her husband checked on the home at least once or twice a week, and they also showed the home to prospective buyers.

{¶ 5} On October 4, 2010, Durrah received a telephone call from the next door neighbor of the house next to the Martin Luther King property who informed Durrah that someone had broken into the house. Durrah arrived at the house and observed that the glass window of the back door, near the lock, had been broken. There was also broken glass on the back porch. The back door had been unlocked, and a metal security gate just on the door had also been unlocked. Durrah observed additional glass inside the home. It did not appear that anything had been taken from the home, but according to Durrah, "[m]ost of the items in the house were too big."

{¶ 6} Durrah further testified that she had last been to the home a few days earlier. When she left at that time, the back door and the metal security gate had both been locked, and the window of the back door was not broken. She did not give anyone permission to enter.

{¶ 7} Durrah admitted on cross-examination that she generally used a side door to enter the home. With regard to the security gate, Durrah admitted that her "best guess" was

that the gate had been locked after her last visit to the home. She acknowledged that a key would be required in order to unlock this gate, and it did not appear to be damaged when she arrived on October 4, 2010. The back door also had two locks, and a key was required to open one of them.

{¶ 8} Over the objection of the defense, the State next presented testimony that was the subject of the Notice of Intent to Use 404(B) Evidence of Prior Acts. Mail carrier Edward Laster testified that on January 10, 2006, he observed a white Cadillac in the driveway of his friend, Barry Cooper, who lived on Martin Luther King Boulevard. Laster next observed defendant and another man exiting Cooper's house. At this time, defendant was carrying Cooper's tools, and it appeared that the door to Cooper's house had been kicked it. Laster approached the men and detained them until the police arrived. Laster spoke with the police and was also subpoenaed to be a witness in a criminal prosecution against defendant, but defendant ultimately entered a guilty plea.

{¶ 9} Larry Philpotts (Philpotts) next testified that he resides at 3647 Martin Luther King, next door to the home owned by Dubois. In the evening of October 4, 2010, Philpotts observed a man at the back door of Dubois's home. The man opened the security gate, and Philpotts then heard the sound of glass being broken. Philpotts observed the man get a five-gallon bucket, overturn the bucket, and stand on it. The man placed his hand inside the home and entered through the back door. Philpotts called the Cleveland police and reported

that a man was breaking into his neighbor's home and had entered through the back door. Philpotts called police again approximately six minutes later, described the man, and reported that the man was still inside the house.

{¶ 10} Philpotts then stood in the driveway of his home, waited for the man to exit the Dubois property, and then held the man until police arrived. At trial, Philpotts was unable to identify defendant as the man he apprehended, but he acknowledged that the man he had observed exiting the Dubois home and restrained is the man police arrested in this matter. Philpotts additionally stated that the man explained to him that he saw a for sale sign at the home and wanted to look in. Philpotts informed the man that it was "breaking and entering, [because] nobody let you in there." The man then acknowledged that he "was wrong." Philpotts called the realtors who had been showing the home to advise them that the back door was no longer secured. He went inside the home with the realtors and observed glass inside the house. Finally, Philpotts testified that after the trial had commenced, defendant's mother telephoned him.

{¶ 11} Cleveland Police Officers Jovan Larkin (Larkin) and Thelemon Powell (Powell) testified that they responded to a code one priority call regarding a burglary at 3641 Martin Luther King. Philpotts flagged down the officers and indicated that the man who was with him was the man who had broken the back door window and gone into the residence. The officers identified this man as the defendant. Defendant told the officers that he was

interested in purchasing the home; he stated that when he approached the home, the back door was open and the back door window was already broken. The officers went to the rear of the home and observed a bucket on the back porch. The back door gate was opened, the back door was opened, and the window of the back door was broken. The officers went into the house and observed broken glass inside the home. The officers arrested defendant and prepared a narrative of the event, but did not take a statement from Philpotts.

{¶ 12} At the close of the State's case, the State dismissed the vandalism charge. The parties stipulated to the authenticity of a certified copy of a court journal entry of defendant's 2006 guilty plea and sentence for burglary in Case No. CR-476939, in connection with the repeat violent offender specification and the notice of prior conviction.

{¶ 13} Defendant elected not to present evidence. The court denied defendant's request for a jury instruction on the offense of criminal trespass, and the burglary charge was submitted to the jury. The jury subsequently convicted defendant of burglary, and the court convicted defendant of the notice of prior conviction and the repeat violent offender specification. Defendant was sentenced to eight years for burglary, plus three years for the repeat violent offender specification, and three years of mandatory postrelease control. Defendant now appeals and assigns four errors for our review. For the sake of convenience, we shall begin our analysis by addressing the third assignment of error.

{¶ 14} Defendant's third assignment of error states:

"The allowance of evidence of prior burglary was prejudicial to appellant and a violation of Evid.R. 404(B)."

{¶ 15} Defendant complains that the trial court committed prejudicial error in allowing admission of Edward Laster's "other acts" testimony concerning the events surrounding defendant's 2006 conviction for burglary.

{¶ 16} We review the admission of evidence under an abuse of discretion standard. *State v. Mauer* (1984), 15 Ohio St.3d 239, 264, 473 N.E.2d 768.[3] "Abuse of discretion" connotes more than error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 17} Pursuant to Evid.R. 404(B), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove" a defendant's character as to criminal propensity. "It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.

{¶ 18} Similarly, pursuant to R.C. 2945.59,

"[i]n any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his

---

[3]The standard of review with regard to the admission of other acts evidence is currently pending before the Ohio Supreme Court. *State v. Morris*, Ohio Supreme Court No. 2010-1842. In *Morris*, Medina App. No. 09CA0022-M, 2010-Ohio-4282, the Ninth District Court of Appeals determined that a de novo standard of review should apply to other acts evidence issues.

motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."

{¶ 19} Evidence of prior convictions is subject to the prohibition of using other acts to prove criminal conduct because they are ultimately irrelevant to the crime charged. *State v. Ajumu*, Cuyahoga App. No. 95285, 2011-Ohio-2520, citing *State v. Cotton* (1996), 113 Ohio App.3d 125, 131, 680 N.E.2d 657. R.C. 2945.59 and Evid.R. 404(B) carve out exceptions to this rule where the other acts evidence may be admissible to prove an accused's intent in committing a crime. *State v. Smith* (1990), 49 Ohio St.3d 137, 141, 551 N.E.2d 190. The exceptions to the common law with respect to evidence of other acts of wrongdoing must be construed against admissibility, and the standard for determining admissibility of such evidence is strict. *State v. Broom* (1988), 40 Ohio St.3d 277, 533 N.E.2d 682, paragraph one of the syllabus. See, generally, *State v. Williams*, Cuyahoga App. No. 94965, 2011-Ohio-5650 (en banc).

{¶ 20} In this matter, the State was required to prove that defendant by force, trespassed into an occupied structure where someone was likely to be present, with "purpose to commit in the habitation any criminal offense." Further, at the scene, defendant claimed that he was simply looking at the home in contemplation of purchasing it. Thus, defendant's intent was in issue.

{¶ 21} In order for other acts evidence to be relevant to the issue of intent, the evidence must have such a temporal, modal, and situational relationship with the acts constituting the crime charged that evidence of the other acts discloses purposeful action in the commission of the offense in question. *State v. Williams*, Cuyahoga App. No. 92714, 2010-Ohio-70, citing *State v. Gardner* (1979), 59 Ohio St.2d 14, 20, 391 N.E.2d 337; *State v. Burson* (1974), 38 Ohio St.2d 157, 159, 311 N.E.2d 526.

{¶ 22} Finally, when prior-acts evidence is admissible as an exception to the exclusionary rule, the trial court must give a limiting instruction to the jury for proper consideration of the evidence. See *State v. Barnes*, Cuyahoga App. No. 92512, 2010-Ohio-1659.

{¶ 23} In this matter, we conclude that the details surrounding the 2006 burglary conviction lack the requisite temporal, modal, and situational relationship with the acts constituting the crime charged. In the 2006 offense, defendant and a co-defendant exited Cooper's home with property, Cooper's home was not for sale, and Cooper lived at the home. Therefore, we conclude that in light of the dissimilarity between the two matters, the strict standards for admissibility were not met, and the trial court abused its discretion in allowing introduction of Laster's testimony.

{¶ 24} Moreover, in its closing argument to the jury, the State utilized the theme that defendant "steals. That's his intent when he enters homes." The State argued:

"[Y]ou can listen to Edward Laster and say, listen, that is Mr. Sutton's intent when he breaks into the home. The best predictor of what somebody does is what somebody did. Why does somebody break into homes? To steal things. Why did Timothy Sutton break into the home where he was apprehended by Mr. Laster, Edward Laster? To steal the tools of Mr. Laster's neighbor. Why did Timothy Sutton break into the home on Martin Luther King? To steal whatever he could get. Unfortunately, he couldn't lift a piano."

{¶ 25} Further, even if the State were able to successfully argue that the testimony was properly brought in to show intent, under Evid.R. 404(B), the court must still consider whether the evidence is substantially more prejudicial than probative; if so, then it must still be excluded because of its deleterious effects on an accused's right to a fair trial. See *State v. Matthews* (1984), 14 Ohio App.3d 440, 471 N.E.2d 849; Evid.R. 403(A). "Prejudice occurs if there is a reasonable possibility that the error might have contributed to the conviction." *State v. Basen* (Feb. 16, 1989), Cuyahoga App. No. 55001, citing *State v. Cowans* (1967), 10 Ohio St.2d 96, 104-105, 227 N.E.2d 201.

{¶ 26} In this matter, we conclude that the evidence was so prejudicial that it outweighed any possible probative benefit. In our view, the evidence was offered simply to show that defendant was guilty of the instant offense since he had committed the previous

offense, and therefore, deprived defendant of his right to a fair trial.

{¶ 27} The third assignment of error is therefore well taken.

{¶ 28} The matter is reversed and remanded for a new trial

{¶ 29} The remaining assignments of error that challenge the sufficiency and manifest weight of the evidence supporting the conviction and the failure to instruct on the lesser offense of criminal trespass are moot.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
JAMES J. SWEENEY, J., CONCUR