THE STATE OF OHIO, APPELLEE, *v.* CHAMBERS, APPELLANT.

(No. 46063—Decided September 17, 1984.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*J. Norman Stark,* for appellant.

O'NEILL, P.J. Appellant, Jessie R. Chambers, was indicted for murder. Following trial, a jury returned a verdict of guilty on the lesser included offense of voluntary manslaughter.

The facts are not complicated. During the early morning hours of August 6, 1978, appellant was sitting near the fountains in Hanna Mall. The decedent struck him in the shoulder with an object. Appellant got up, walked a distance of five to eight feet, drew a gun and shot decedent. The appellant contended that he acted in self-defense.

Assignment of error number one complains that the trial court erred in overruling defendant's motion *in limine* to exclude evidence of defendant's conviction for aggravated assault which postdated the offense for which the defendant was being tried.

The crime for which appellant was being tried took place on August 6, 1978. During trial, the appellant made a motion requesting the court to bar the prosecution from inquiring into a convic-

tion for aggravated assault which took place in 1978 after August 6, 1978. The motion was denied.

The appellant grants the provisions of Evid. R. 609 but argues that the rule applies only to convictions "which predate the pending offense." We do not find that the rule has any such provision. Evid. R. 609(A) and (B) read as follows:

"(A) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance.

"(B) Time Limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement, or the termination of probation, or shock probation, or parole, or shock parole imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence."

Very .clearly, such evidence is admissible if introduced within ten years of the date of conviction. The mention of a prior offense has no relationship to the charge being prosecuted. The purpose of such inquiry is a test of the credibility of a witness. *State* v. *Murdock* (1961), 172 Ohio St. 221 [15 O.O.2d 372]. Reasonably, the time limit would apply to the date upon which the witness testifies.

The appellant goes on to argue that evidence of previous or subsequent criminal acts, wholly independent of the criminal offense for which a defendant is on trial, is inadmissible. We agree that this is a rule of law but it is a general rule. *State* v. *Thompson* (1981), 66 Ohio St. 2d 496 [20 O.O.3d 411]. When a defendant takes the stand, he takes it the same as any other witnesses. Among other things, his credibility may be impeached. The prior conviction is elicited only for that purpose. * * *

The judgment of the trial court is affirmed.

*Judgment affirmed.*

STILLMAN and LYNCH, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.

LYNCH, J., retired, of the Seventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.