DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Mr. Rafael Vega, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I.
In December of 1996, Detective Dan Kovein of the Akron Police Department arrested Mr. Vega for possession of ninety grams of cocaine. Mr. Vega was convicted and placed on probation in exchange for becoming an informant for Detective Kovein.
After some time passed, Detective Kovein became suspicious that Mr. Vega was continuing to sell drugs and placed him under surveillance in May of 1998. Mr. Vega was suspected of purchasing drugs in Chicago from an individual called Lolo, shipping them back to Akron, then adding a "cutting" agent to increase the quantity of the drugs, and finally selling the drugs. On the morning of June 9, 1998, Eddie Medina, Mr. Vega's sister's husband, and Kim Hefner, Mr. Vega's live-in girlfriend, set out for Chicago in Mr. Vega's vehicle. After arriving in Chicago, they traveled to Lolo's residence to purchase the cocaine. While Lolo and Eddie Medina were counting the money, however, it became apparent that the amount was insufficient. Eddie Medina then called Mr. Vega's home and handed the phone to Lolo who, after a short conversation, accepted the lesser amount. Eddie Medina and Kim Hefner then wrapped the drugs so as to conceal them and began the return trip to Akron. Meanwhile, in Akron, the Akron Police and Central Tactical Unit officers from various other departments were conducting surveillance of the freeway near Mr. Vega's home. They were watching for Mr. Vega's automobile, which they expected to be carrying contraband. At approximately 2:30 a.m. on July 10, 1998, the officers spotted Mr. Vega's automobile and proceeded to pull it over. The officers approached the vehicle and asked if the occupants had contraband in their possession. Kim Hefner responded that they did and indicated that a brown paper bag located in the front of the vehicle contained drugs. The officers found that the bag contained 246.45 grams of cocaine.
The officers then traveled the short distance from the scene of the automobile stop to Mr. Vega's home. When the officers knocked at the door Lucy Medina, Mr. Vega's sister and Eddie Medina's wife, answered. Upon the officers' request, she permitted them inside where they arrested Mr. Vega. In an indictment filed on June 16, 1998, Mr. Vega was charged with possession of cocaine, in violation of R.C. 2925.11(A). In a supplemental indictment handed down by the Summit County Grand Jury on September 9, 1998, Mr. Vega was indicted for complicity to commit possession of cocaine, in violation of R.C. 2925.11(A) and 2923.03(A)(1) and (2).
A jury trial commenced on October 8, 1998. In a verdict journalized on October 14, 1998, the jury found Mr. Vega guilty of complicity to commit possession of cocaine. The trial court sentenced him accordingly. This appeal followed.
 II.
Mr. Vega asserts three assignments of error. We will address each in turn.
 A.
First Assignment of Error
THE TRIAL JUDGE UNJUSTLY PREJUDICED THE APPELLANT BYADMITTING OTHER ACTS TESTIMONY INTO EVIDENCE IN VIOLATION OFEVID. RULE 404 (B) [sic], EVID. R. 403 (A)AND R.C. 2945.59.
Mr. Vega argues that the evidence of prior bad acts elicited from Eddie Medina, Kim Hefner, and Detective Dan Kovein, by the prosecution did not meet the requirements of Evid.R. 404(B) and R.C. 2945.59. Mr. Vega also asserts that, even if the testimony was otherwise admissible, the probative value of the evidence was substantially outweighed by its prejudicial effect. We disagree.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration in original.) State v. Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128. Abuse of discretion is not a mere error of judgment, rather it is perversity of will, passion, prejudice, partiality, or moral delinquency. State ex rel. Shafer v. Ohio Turnpike Comm. (1953),159 Ohio St. 581, 590-91. Moreover, a new trial should not be granted unless the accused was prejudiced or may have been prejudiced by the evidence improperly admitted. R.C. 2945.83(C).
Generally, evidence of prior criminal acts, wholly independent of the crime for which defendant is on trial, is inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496, 497. R.C. 2945.59 codifies exceptions to this rule, providing:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Evid.R. 404(B) states that
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B) is in accord with R.C. 2945.59. State v. Broom
(1988), 40 Ohio St.3d 277, 281. It is not required that the "other acts" are "like" or "similar" to the crime charged, but only that they "tend to show" any of the enumerated things. Statev. Hill (1992), 64 Ohio St.3d 313, 322-23.
 "Scheme, plan or system" evidence is relevant in two general factual situations. First, those situations in which the "other acts" form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment. In such cases, it would be virtually impossible to prove that the accused committed the crime charged without also introducing evidence of the other acts.
 To be admissible pursuant to this sub-category of "scheme, plan or system" evidence, the "other acts" testimony must concern events which are inextricably related to the alleged criminal act.
State v. Curry (1975), 43 Ohio St.2d 66, 73. Hence, it is necessary to determine whether any of the matters enumerated in R.C. 2945.59 were relevant at trial and, if so, whether the testimony that the prosecution elicited regarding other acts of the defendant tended to prove the relevant enumerated matter.State v. Slagle (1992), 65 Ohio St.3d 597, 606.
"Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." Broom, 40 Ohio St.3d at paragraph one of the syllabus. Moreover, evidence of other acts by a defendant are only admissible when they tend to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question.State v. Burson (1974), 38 Ohio St.2d 157, 158.
The testimony of Detective Kovein, Eddie Medina, and Kim Hefner was admissible under Evid.R. 404(B) and R.C. 2945.59. The testimony of these persons, reaching as far back as 1996, provided necessary background information about the crime charged. Mr. Vega's previous forays into narcotics trafficking were inextricably linked with the crime Mr. Vega was charged with in the instant case. "[W]here the challenged evidence plays an integral part in explaining the sequence of events and is necessary to give a complete picture of the alleged crime," it is admissible. Thompson, 66 Ohio St.2d at 498. Detective Kovein's testimony explained his relationship with Mr. Vega and how he came to suspect and observe Mr. Vega. Eddie Medina testified concerning the purchase of drugs on May 4, 1998, in Chicago. His testimony concerned Mr. Vega's ongoing involvement with drug sales, providing background for the most recent transaction, which Mr. Vega was charged with complicity in committing. Kim Hefner also testified concerning her knowledge of Mr. Vega's ongoing course of conduct as a drug dealer. Moreover, Mr. Vega was charged with complicity which requires that the prosecution prove that he "[s]olicit[ed] or procure[d] another to commit the offense" or "[a]id[ed] or abet[ted] another in committing the offense." R.C. 2923.03(A)(1) and (2). Hence, we ascertain that the testimony at issue here went to show the ongoing relationship between the parties, engaging in the illicit transportation and sale of narcotics. As such, it evidenced Mr. Vega's overarching plan and scheme as well as his motivation and intent in his dealings with the other parties. Hence, we conclude that the trial court did not abuse its discretion by admitting the evidence of prior crimes, as it falls within the requirements of Evid.R. 404(B) and R.C. 2945.59, tending to show matters other than Mr. Vega's propensity to commit the crime charged.
Mr. Vega also asserts that the probative value of the testimony at issue was substantially outweighed by the unfair prejudice to him. When the probative value of the evidence is substantially outweighed by "the danger of unfair prejudice," the trial court must exclude the evidence. Evid.R. 403(A). In the instant case, the trial court, however, gave strongly worded limiting instructions on several occasions during the trial and once again to the jury before it began deliberating. Mr. Vega concedes that the limiting instructions are "within the letter of the law." Moreover, "[i]t is presumed that the jury will obey the trial court's instructions." State v. Dunkins (1983), 10 Ohio App.3d 72,73. Hence, we conclude that the jury used the testimony at issue only for its permitted purpose. We further conclude that any unfair prejudice that accrued to Mr. Vega did not substantially outweigh the probative value of the evidence, as "`[t]he jury is entitled to know the "setting" of a case.'"Thompson, 66 Ohio St.2d at 498, quoting State v. Wilkinson
(1980), 64 Ohio St.2d 308, 317. Mr. Vega's first assignment of error is overruled.
 B.
Second Assignment of Error
THE JURY VERDICT FINDING THE APPELLANT GUILTY OF COMPLICITYTO POSSESS DRUGS WAS AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE.
Mr. Vega argues that the evidence adduced at trial was not sufficiently persuasive for a rational trier of fact to conclude that Mr. Vega had committed the crime charged. Moreover, he asserts that the witnesses against him were not credible and that the jury's decision is clearly a miscarriage of justice. We disagree.
 When the manifest weight of the evidence is challenged, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [jury] clearly lost its way and created such a manifest miscarriage of justice that the [conviction] must be reversed and a new trial ordered."
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 Furthermore, "[i]t is axiomatic that this court does not sit as a trier of fact. Rather, `on the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of facts.'" Kuempel Serv., Inc. v. Zofko (1996), 109 Ohio App.3d 591, 598, quoting State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Moreover, "[e]very reasonable presumption must be made in favor of the judgment and the findings of facts [of the trial court]." Karches v. Cincinnati (1988), 38 Ohio St.3d 12, 19. Furthermore, "if the evidence is susceptible of more than one construction, we must give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the trial court's verdict and judgment." Id.
The jury did not act against the manifest weight of the evidence by finding Mr. Vega guilty. Although, as Mr. Vega argues, the evidence was contradictory and the credibility of many of the witnesses was impeached, the trier of fact had the opportunity to view the witnesses and adjudge their credibility, such matters are manifestly within the province of the jury. Although both the state and Mr. Vega called witnesses who were impeached with prior convictions, there was a considerable amount of testimony which evidenced Mr. Vega's guilt, most notably that of Eddie Medina, Kim Hefner, and Adam Starcher. Circumstantially, the fact that the cocaine was transported in Mr. Vega's automobile and that, when the automobile was stopped, it was apparently being driven to Mr. Vega's residence also tends to show his guilt. Hence, after thoroughly reviewing the record, we conclude that the jury did not clearly loose its way or act against the manifest weight of the evidence. Mr. Vega's second assignment of error is overruled.
 C.
Third Assignment of Error
THE JURY VERDICT FINDING THE APPELLANT GUILTY OF COMPLICITYTO POSSESS DRUGS WAS AGAINST THE SUFFICIENCY [sic] OF THEEVIDENCE.
Mr. Vega argues that, if the testimony of any of the state's witnesses is not believable by a rational trier of fact, the state's case is based on evidence that is insufficient as a matter of law. Moreover, he argues that, as the state's witnesses were not credible or believable by a rational trier of fact, the state's case against him is insufficient as to the elements of complicity under R.C. 2923.03. We disagree.
Our inquiry on appeal
 is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Mr. Vega asserts that the state failed to show that he "[s]olicit[ed] or procure[d] another to commit the offense" or that he "[a]id[ed] or abet[ted] another in committing the offense," as it is required to do under R.C. 2923.03(A)(1) and (2) to support a conviction of complicity. Eddie Medina testified that Mr. Vega had informed him of the planned trip to Chicago to purchase cocaine from Lolo and the amount of cocaine to be purchased. Eddie Medina also testified that he then decided to accompany Kim Hefner on the trip to Chicago to purchase cocaine with the purpose of bring it back to Mr. Vega for distribution. Kim Hefner testified that she assumed that the trip to Chicago was to pick up drugs. Hence, we conclude that, viewing the evidence in a light most favorable to the prosecution, a rational finder of fact could have concluded that Mr. Vega solicited or aided another to possess cocaine. Mr. Vega's third assignment of error is overruled.
 III.
Mr. Vega's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM G. BATCHELDER FOR THE COURT SLABY, P.J.
WHITMORE, J.
CONCUR