This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Kristy Melvin, appellant, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On October 22, 2001, Ms. Melvin was indicted for endangering children, in violation of R.C. 2919.22(A), a felony of the fourth degree as charged. Ms. Melvin pled not guilty to the charge and, on January 16, 2002, filed a motion to dismiss the indictment, asserting that a prior conviction for attempted child endangering would not be sufficient to enhance the current offense to a fourth degree felony pursuant to R.C.2919.22(E)(2)(b). On March 18, 2002, the trial court denied the motion to dismiss. The case was tried before a jury and the jury returned a verdict of guilty as charged in the indictment. In the May 8, 2002 judgment entry, the trial court entered a finding of guilty and sentenced Ms. Melvin accordingly. This appeal followed.
{¶ 3} Ms. Melvin raises two assignments of error. We will consider each assigned error in turn.
 First Assignment of Error
{¶ 4} "THE TRIAL COURT ERRED IN NOT GRANTING THE APPELLANT'S MOTION TO DISMISS AND THE APPELLANT'S ORAL MOTION FOR DISMISSAL PER CRIMINAL RULE 29 BECAUSE THE APPELLEE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT THE APPELLANT OF A FELONY OF THE FOURTH DEGREE PER R.C. 2929.22(A) AND R.C. 2919.22(E)(2)(B)."
{¶ 5} In her first assignment of error, Ms. Melvin asserts that the trial court erred in denying her written motion to dismiss and her oral motion to dismiss per Crim.R. 29 because there was insufficient evidence presented at trial to prove beyond a reasonable doubt that she was guilty of the charge of child endangering, in violation of R.C.2919.22(A). We disagree.
{¶ 6} "The test for `insufficient evidence' requires the court to view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Leggett (Oct. 29, 1997), 9th Dist. No. 18303. We must determine, as a matter of law, whether the evidence was legally sufficient to support a conviction. Id.
"In essence, sufficiency is a test of adequacy." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386. Moreover, "essentially, assigning insufficiency of the evidence on appeal raises the same issues and implicates the same analysis as does assigning error to the trial court's denial of a Crim.R. 29 motion for acquittal." State v. Vickers, 9th Dist. No. 01CA007928, 2002-Ohio-3628, at ¶ 9. A court shall grant a motion for acquittal if the evidence presented is insufficient to sustain a conviction. Crim.R. 29(A).
{¶ 7} R.C. 2919.22(A), the endangering children statute, provides as follows:
{¶ 8} "No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. *** "
{¶ 9} Further, R.C. 2919.22(E)(2)(b) provides that endangering children is a felony of the fourth degree:
{¶ 10} "[i]f the offender previously has been convicted of an offense under this section or of any offense involving neglect, abandonment, contributing to the delinquency of, or physical abuse of a child ***."
{¶ 11} To obtain a conviction under R.C. 2919.22(A), the state must prove the culpable mental state of recklessness. State v. McGee
(1997), 79 Ohio St.3d 193, 195. R.C. 2901.22(C) defines "recklessness" as follows:
{¶ 12} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
{¶ 13} In the present case, Ms. Melvin limits her argument to the sufficiency of the state's evidence as to the element of recklessness and, also, as to whether she was convicted of a prior offense such that the charge of child endangering could be enhanced to a fourth degree felony pursuant to R.C. 2919.22(E)(2)(B).
{¶ 14} In the hearing, Margie Sands testified that she is a bus driver and, on the morning of September 19, 2001, she was driving through a parking lot to pick up children in the area. Ms. Sands stated that she saw a little girl walking around in the parking area wearing nothing but a diaper that was so full that it hung between the child's legs. The day in question was cold and rainy so Ms. Sands brought the child onto the bus and wrapped her in a coat. The child was soaked and her legs were covered in urine. It was difficult to determine how long the child had been outside but it was clear that the child was wet and dirty and her hair was matted. Ms. Sands testified that she immediately called the police and an officer arrived within fifteen to twenty minutes. After the officer arrived, Ms. Melvin appeared and the officer informed her that the child was on the bus.
{¶ 15} Officer Mark Wilson testified that he is employed with the City of Tallmadge Police Department. On September 19, 2001, Officer Wilson responded to a call from a bus driver who had found a two-year old child wandering alone in an apartment complex area located in Summit County. Officer Wilson stated that, when he arrived at the scene, the child was on the bus. He began to approach nearby people to see if they knew the child and, approximately four minutes later, Ms. Melvin arrived. Ms. Melvin told him that the child had gotten out of her apartment and, also, that the child "had been escaping from the apartment repeatedly over the last couple of months." Ms. Melvin also told him that she had put a hook latch at the top of the front door to prevent the child from leaving but had further admitted that the back door was broken and could be opened by simply turning the knob. Ms. Melvin informed the officer that she believed she had been in the bathroom when the child had left the apartment. She also informed him that the child could have left when her six-year old child had gone to school earlier in the morning. Officer Wilson stated that Ms. Melvin told him that she had a prior history with regard to her child leaving the apartment. Thereafter, he personally confirmed that she had a prior conviction for attempted child endangering.
{¶ 16} Although Ms. Melvin argues that her prior conviction for attempted child endangering is not sufficient to constitute a prior offense for purposes of enhancing the charge to a fourth degree felony, we disagree. Clearly, Ms. Melvin's conviction for attempted child endangering was an offense involving neglect as required under R.C.2919.22(E)(2)(b). Ms. Melvin argues that, upon reviewing the trial court's judgment entry for her prior conviction, it appears that she could only have been convicted for plain attempt, rather than attempted child endangering. This argument is without merit. While it appears that it may be possible that someone drew a line through the statutory number notation for endangering children and not the statutory number notation for attempt, the judgment entry also clearly states the offense of child endangering right above the statutory number notation for child endangering, specifically R.C. 2919.22(A). It is evident that the prior conviction is for attempted child endangering and, consequently, can be used to enhance the current conviction to a fourth degree felony.
{¶ 17} This Court finds that, when viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of child endangering as charged in the indictment beyond a reasonable doubt. A rational trier of fact could have found that Ms. Melvin acted recklessly and, also, was convicted of a prior offense such that the charge of child endangering could be enhanced to a fourth degree felony. Accordingly, the first assignment of error is overruled.
 Second Assignment of Error
{¶ 18} "THE TRIAL COURT ERRED IN PERMITTING THE STATE TO PRESENT THE WITNESS TESTIMONY OF KELLY LAMBRIGHT AND OFFICER SCOTT CHRISTOPHER, BECAUSE THE APPELLANT STIPULATED TO THE FACT THAT SHE WAS PREVIOUSLY CONVICTED OF ATTEMPTED CHILD ENDANGERING, AND, BECAUSE SUCH TESTIMONY SHOULD HAVE BEEN EXCLUDED PURSUANT TO EVID.R. 401, EVID.R. 402, EVID.R. 403, EVIC.R. [sic.] 404(B) AND R.C. 2945.59."
{¶ 19} In her second assignment of error, Ms. Melvin asserts that the trial court erred when it permitted two witnesses to testify with regard to her previous conviction for attempted child endangering. Specifically, she asserts that when she conceded that she had a prior conviction for attempted child endangering, she stipulated to that element. Therefore, she asserts, further evidence regarding the conviction should have been excluded. We disagree.
{¶ 20} "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Generally, all relevant evidence is admissible, unless otherwise excluded by law. Evid.R. 402. However, "although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A). "A trial court enjoys broad discretion in admitting evidence. [An appellate] court will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice." State v. Long (1978), 53 Ohio St.2d 91, 98. "`The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" State v. Lowe (1994), 69 Ohio St.3d 527, 532, quotingState v. Adams (1980), 62 Ohio St.2d 151, 157.
{¶ 21} Evidence of prior criminal acts which are wholly independent of the crime for which a defendant is on trial are generally inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496, 497. Evid.R. 404(B) provides:
{¶ 22} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
{¶ 23} Similarly, R.C. 2945.59 codifies the exceptions to the admissibility of "other acts" evidence:
{¶ 24} "In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant."
{¶ 25} "Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." Statev. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus, certiorari denied (1989), 490 U.S. 1075, 104 L.Ed.2d 653. Evidence of other acts by a defendant are only admissible when they tend to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question." State v. Burson (1974), 38 Ohio St.2d 157, 158.
{¶ 26} In the present case, the trial court allowed two witnesses to testify regarding the events surrounding Ms. Melvin's prior conviction for attempted child endangering. Specifically, after the state specified that the evidence was being introduced to show an absence of mistake or accident, the court ruled that the evidence was admissible. At trial, Kelly Lambright testified that, in October of 2000, she had found Ms. Melvin's daughter wandering about by herself, outside on a cold and rainy day when the child was approximately one-year old. Ms. Lambright stated that she waited for a period of time to see if anyone was looking for a child and then she called the police who were able to locate Ms. Melvin. Officer Scott Christopher testified that, on October 5, 2000, he responded to a call placed by Ms. Lambright, a neighbor, involving Ms. Melvin's daughter. The child had been found outside by herself. Officer Christopher testified that he located Ms. Melvin in another person's apartment and that, when she was asked if she knew where her daughter was, Ms. Melvin told him that she believed the child to be at home.
{¶ 27} First, in the instant case, while Ms. Melvin claims she stipulated to the prior conviction, we note that the state is entitled to present evidence of the prior conviction as it is an element of the charge, regardless of any proferred stipulation by Ms. Melvin. See R.C.2919.22(A) (E)(2)(b). "The prosecution is entitled to prove each element of the crime charged and is not required to accept a defendant's stipulations." State v. Morris (Apr. 27, 1988), 9th Dist. No. 13366.
{¶ 28} The testimony regarding Ms. Melvin's prior conviction was relevant in that it showed that Ms. Melvin had a prior offense involving attempted child endangering when her daughter had been found unattended and alone outside her home. Moreover, there is no indication in the record that the testimony was prejudicial or that it confused or misled the jury. We cannot conclude that the trial court abused its discretion in failing to exclude the testimony in question as irrelevant.
{¶ 29} Finally, the evidence of Ms. Melvin's prior conviction for attempted child endangering was admissible to show absence of mistake or accident regarding the supervision of her daughter. As part of Ms. Melvin's opening and closing statements she alleged that her daughter had left the house by mistake. This was combined with the statements Ms. Melvin made to police that she must have been in the bathroom when her daughter escaped or that her daughter must have gotten out when her other child left for school. The prior incident was certainly probative in demonstrating that Ms. Melvin was aware that her daughter could and would leave the apartment if left unattended. Consequently, the testimony in question was properly admitted pursuant to pursuant to Evid.R. 404(B) and R.C. 2945.59. Ms. Melvin's second assignment of error is overruled.
{¶ 30} Ms. Melvin's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
CARR, P.J. and WHITMORE, J. CONCUR