[Cite as *State v. Morgan*, 2020-Ohio-292.]

IN THE COURT OF APPEALS OF OHIO

SIXTH APPELLATE DISTRICT

WILLIAMS COUNTY

State of Ohio                                    Court of Appeals No. WM-18-007

          Appellee                               Trial Court No. 18CR00007

v.

John T. Morgan                                   ***DECISION AND JUDGMENT***

          Appellant                              Decided:  January 31, 2020

* * * * *

Katherine J. Zartman, Williams County Prosecuting Attorney, and

Stacey S. Stiriz, Assistant Prosecuting Attorney, for appellee.

{¶ 1} Defendant-appellant, John T. Morgan, appeals the July 30, 2018 judgment of the Williams County Court of Common Pleas which, following his no contest pleas to three counts of aggravated robbery, sentenced appellant to a total of 12 years of imprisonment. For the reasons that follow, we affirm.

{¶ 2} On January 23, 2018, a six-count indictment was filed charging appellant with three counts of aggravated robbery, with specifications, one count of theft of drugs, and two counts of having a weapon while under disability. The charges stemmed from a series of three armed robberies in November 2015, in Williams County, Ohio, where the suspect stole cash from two gas stations and oxycodone from a pharmacy. The suspect in each robbery similarly had his face covered by a mask and gloves on his hands.

{¶ 3} Prior to appellant's indictment, a series of robberies spanning 2015-2016 and involving Ohio, Michigan, and Indiana remained unsolved  Law enforcement from the affected jurisdictions had been conferring in an attempt to apprehend the suspect or suspects. Following a tip and corroborating evidence, appellant was singled out as the suspect in the Ohio robberies and several extra-jurisdictional robberies.

{¶ 4} On March 16, 2016, following the execution of several search warrants at appellant's home in Michigan, appellant was arrested in Williams County, Ohio. After posting bond in Michigan, appellant and his girlfriend allegedly robbed a bank in Michigan and fled the jurisdiction. They were apprehended in Hamilton County, Ohio.

that various items of physical evidence, including a face mask, clothing, gloves, and a toy gun, that were recovered by law enforcement during appellant's arrest in Hamilton County, Ohio, were destroyed following the conclusion of the criminal proceedings in Michigan and prior to the filing of the indictment in the present case. Appellant also filed a motion in limine requesting that the court prohibit the state from introducing evidence of other robberies committed by appellant. Appellant argued that the robberies were not similar enough to establish the probative value as outweighing the danger of unfair prejudice.

{¶ 6} A hearing on the motions was held on June 21, 2018. On June 29, 2018, as to the other acts evidence the trial court noted that the 15 additional robberies took place in the tri-state area between August 8, 2015 and March 12, 2016, and that the multiple similarities between the robberies was sufficient to establish a "behavioral fingerprint." The court, however, limited the introduction of such evidence to the nine robberies where the suspect covered the gun with a plastic bag as occurred in the robberies at issue.

{¶ 7} As to the state's destruction of evidence, the court concluded that appellant failed to demonstrate either that the evidence was "materially exculpatory" or that the state acted in bad faith. The court then denied the motion to dismiss or to exclude the photographic substitute evidence.

{¶ 8} On July 23, 2018, the matter proceeded to a jury trial. After two days of trial, appellant withdrew his not guilty pleas and entered pleas of no contest to three counts of aggravated robbery. Following sentencing, appellant commenced this

Assignment of Error II: If evidence in the custody of law enforcement is destroyed prior to charges being filed and the appellant being able to file a motion to preserve evidence, the appellant does not need to establish that the evidence was materially exculpatory for the case to be dismissed due to a violation of the appellant's due process right.

Assignment of Error III: Appellant's due process rights require preservation of all evidence until charges are filed and the appellant has an opportunity to demand discovery/preservation.

Assignment of Error IV: The trial court abused its discretion when it allowed testimony regarding bad acts evidence against the appellant.

**Destruction of Evidence**

{¶ 9} Appellant's first three assignments of error argue that his due process rights were violated by the court's failure to dismiss the charges due to the state's failure to preserve physical evidence. Alternatively, appellant argues that the state should have been prohibited from using photographic evidence as a substitute for the destroyed items. Appellant claims that because the evidence was destroyed prior to the charges in the indictment, the burden should shift to the state to prove that the evidence destroyed was not exculpatory and that a showing of bad faith is not necessary. Conversely, the state asserts that the burden of demonstrating the exculpatory nature of the evidence remains with appellant and that, at most, he can

479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) and *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).  But where evidence is only "potentially useful," the failure to preserve the evidence does not violate a defendant's due process rights unless the defendant can show that the state acted in bad faith.  *Id.* at ¶ 76-77, quoting *State v. Geeslin*, 116 Ohio St.3d 252, 2007-Ohio-5239, 878 N.E.2d 1, ¶ 10.  Potentially useful evidence is " 'evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant.' " *Geeslin* at ¶ 9, quoting *Arizona* at 58.  *See State v. Johnson*, 6th Dist. Lucas Nos.

L-07-1193, L-08-1230, 2009-Ohio-45, ¶ 17-18.

{¶ 11} Applying the relevant case law to the facts of this case, we conclude that the physical evidence at issue was not exculpatory[1] but was potentially useful in that the items would have needed further testing in order to exonerate appellant.  We further note that the likelihood that the items would have, in fact, exonerated appellant was remote.   The items were found in an engine compartment of appellant's vehicle.  They were not left in the passenger compartment of the vehicle or in an unattended, neutral location.

{¶ 12} Since the evidence at issue was only potentially useful, we must determine whether its destruction was done in bad faith.  This court has defined "bad faith" as "something more than bad judgment or negligence."  *State v. Durnwald*, 163 Ohio App.3d 361, 2005-Ohio-4867, 837 N.E.2d 1234, ¶ 30 (6th Dist.).  "It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a

{¶ 13} In this case it is unclear whether the Quincy Police Department failed to notify the Montpelier, Ohio authorities or whether the email was sent but police failed to request that the items be preserved. At the hearing on the motion, Montpelier Police Chief Daniel McKee testified that in an attempt to gather physical evidence he visited the Quincy, Michigan police department and spoke with their chief who indicated that the evidence had been destroyed following email notification to all potentially interested jurisdictions. He could not recall if the conversation took place before or after appellant was indicted. Chief McKee did not indicate an awareness that the department had actually received the email and noted that he learned that the items had been destroyed several months prior to appellant's indictment.

{¶ 14} Coldwater, Michigan Police Lieutenant Patrick Beeman accompanied Quincy, Michigan Police to Hamilton County, Ohio, where appellant was arrested following a bank robbery. During the search of appellant's vehicle, Lieutenant Beeman stated that they recovered money and that there were also items recovered in the engine compartment including gloves, a mask, and a toy gun.

{¶ 15} As to the destruction of the recovered items, Beeman testified that after appellant entered a no contest plea in the bank robbery case now-retired Quincy Police Chief Onley sent out an email to all jurisdictions on the distribution list informing the interested jurisdictions that the evidence would be destroyed if no one contacted him expressing interest. According to Lieutenant Beeman, Onley was never contacted and prior to retiring Onley, in "clearing up" old cases, destroyed the

appellant's field sobriety tests, in direct contravention of department policy and the unconvincing story of the "accidental" erasure, demonstrated bad faith. *Id.* at ¶ 31-35. Similarly, in *In re J.B.*, 2017-Ohio-406, 84 N.E.3d 23 (6th Dist.), we found that the destruction of a deputy's videotaped interview of a juvenile suspect amounted to bad faith. So finding, we noted that the deputy was initially offered a copy of the interview but declined, he then failed to request a copy after learning that appellant had been criminally charged; the tape was ultimately overwritten. *Id.* at ¶ 35.

{¶ 17} Based on the forgoing and examining the relevant case law, we find that appellant failed to demonstrate that the state acted in bad faith in relation to the destroyed evidence. In addition, we note that the court, being in the best position to examine and weigh the evidence likewise determined that the state did not act in bad faith. *Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, at ¶ 84. Accordingly, we find that appellant's first, second, and third assignments of error are not well-taken.

**Other Acts Evidence**

{¶ 18} Appellant's fourth and final assignment of error contends that the trial court abused its discretion when it allowed testimony about his prior bad acts.[2] Appellant argues that the state's desire to admit evidence of 18 possibly-related theft offenses in Ohio, Michigan, and Indiana was unfairly prejudicial. The state counters that the robberies had a "strikingly similar" theme thus establishing a modus operandi of the suspect.

{¶ 19} We note that "the admission of evidence lies within the broad discretion

the absence of an abuse of discretion that has created material prejudice." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 62, citing *State v. Issa*, 93 Ohio St.3d 49, 64, 752 N.E.2d 904 (2001). An abuse of discretion is demonstrated where the trial court's attitude in reaching its decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} "As a general rule, evidence of previous or subsequent criminal acts, wholly independent of the criminal offense for which a defendant is on trial is inadmissible." *State v. Thompson*, 66 Ohio St.2d 496, 497, 422 N.E.2d 855 (1981). Evid.R. 404(B) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this rule shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

{¶ 21} Appellant argues that the "similarities" in the robberies were too generic to be probative of the suspect's identity; this includes the fact that the robber wore a mask, entered the store when no customers were present, sometimes had his

or crimes unrelated to the charges at issue. It then sustained the objection and gave the "other acts" evidence limiting instruction.

{¶ 23} Testimony and evidence was then presented regarding the Ohio robberies. Thereafter, the trial terminated due to appellant entering his no contest pleas; thus, there had been very little evidence presented regarding the additional robberies. Accordingly, in light of appellant's no contest pleas, we cannot say and will not speculate as to the nature of and what effect the evidence that had not yet been presented would have had on the outcome of his trial. Appellant's fourth assignment of error is not well-taken.

{¶ 24} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Williams County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

State v. Morgan

C.A. No. WM-18-007

_Mark L. Pietrykowski, J._                 _____

                                          JUDGE

_Thomas J. Osowik, J._

CONCUR.                            _____

                                          JUDGE

Gene A. Zmuda, P.J.,              _____

       CONCURS AND WRITES                  JUDGE

SEPARATELY.

**ZMUDA, P.J., concurring,**

{¶ 25} I concur with the majority's analysis and conclusions on appellant's first three assignments of error. Further, I agree with the majority's conclusion on the fourth assignment of error, albeit for different reasons. Specifically, I find that

{¶ 26} In *State v. Smith*, 9th Dist. Lorain No. 08CA009338, 2008-Ohio-6942, the Ninth District examined a trial court's admission of other acts evidence prior to a plea of no contest. At the outset, the court in *Smith* stated: "A no contest plea generally waives the right to appeal most issues. Thus, under ordinary circumstances, this Court would conclude that Smith waived [his other acts argument] by entering a no contest plea, a plea that admitted the facts alleged in the indictment." *Id.* at ¶ 3. Notwithstanding the foregoing, the court went on to find that Smith's appeal was not made knowingly, intelligently, and voluntarily because Smith entered his plea for the express purpose of challenging the trial court's other acts ruling, and he was misled by his defense counsel, the state, and the trial court, into thinking that a no contest plea would enable him to contest the ruling on appeal. *Id.* at ¶ 5-7.

{¶ 27} Here, there is nothing in the record to suggest that appellant pled no contest in an effort to challenge the trial court's evidentiary rulings under Evid.R. 404(B). Further, appellant was not misinformed that such evidentiary rulings could be appealed following a plea of no contest. Because the trial court's evidentiary rulings are nonjurisdictional in nature, I conclude that appellant's no contest plea waives his right to contest such rulings. As such, I would dismiss appellant's fourth assignment of error outright, and I would refrain from addressing the merits of the arguments raised therein. With that clarification in mind, I concur.

This decision is subject to further editing by the Supreme Court of

Ohio's Reporter of Decisions.  Parties interested in viewing the final reported

version are advised to visit the Ohio Supreme Court's web site at:

http://www.supremecourt.ohio.gov/ROD/docs/.