DECISION AND JOURNAL ENTRY
Appellant, Mathew Blake Hahn, appeals his conviction in the Medina County Court of Common Pleas. We affirm in part and reverse in part.
 I.
Keith Corbett and his wife, Renee Corbett, reside in an apartment at 162 Broad Street in Wadsworth, Ohio. Mr. Hahn also lived in that apartment building. Mr. Hahn could see into some of the Corbetts' windows from his apartment, and vice versa. The Corbetts testified that Mr. Hahn would walk in front of his windows naked and would also watch Mrs. Corbett undress, if her blinds were not drawn. Apparently, Mr. Hahn even attempted to photograph Mrs. Corbett through her closed blinds while she was undressed. However, the Corbetts did not report these incidents to the police and Mr. Hahn was never charged with a crime stemming from these incidents.
On May 7, 1999, Mr. Corbett drove his wife to First Baptist Christian School, where she was employed as a teacher. He left home at around 7:20 a.m. and returned home at around 8:15 a.m. Mr. Corbett testified that he found Mr. Hahn, who lived in an apartment across the hall from the Corbetts, naked in the Corbetts' apartment when Mr. Corbett returned home. After a short conversation during which Mr. Hahn stated that he found Mr. Corbett's wife attractive, Mr. Hahn returned to his apartment to retrieve his pants. Mr. Corbett then called the police. Mr. Hahn testified that he was never naked and never entered Mr. Corbett's apartment.
Officer David King of the Wadsworth Police Department was dispatched to the Corbett residence. In the meantime, Mr. Hahn had exited the apartment building, apparently to purchase breakfast at a local restaurant. Officer King arrived at the Corbett residence and, accompanied by Mr. Corbett, returned to the police station to obtain Mr. Corbett's statement. On May 7, 1999, Mr. Corbett filed a complaint against Mr. Hahn. After that, Officer King obtained a warrant for Mr. Hahn's arrest and returned to the apartment building to serve it on Mr. Hahn. Mr. Hahn had not yet returned home but, as Officer King was exiting the apartment building, he noticed Mr. Hahn coming up the street. Officer King then arrested Mr. Hahn. Pursuant to a warrant, Mr. Hahn's apartment was searched. The search of Mr. Hahn's apartment yielded numerous items apparently taken from Mr. Hahn's employer, Ace Hardware, and an ammunition clip for a rifle, which was capable of holding approximately sixty rounds of ammunition.
On May 21, 1999, the Medina County Grand Jury indicted Mr. Hahn for burglary, in violation of R.C. 2911.12(A)(1), unlawful possession of dangerous ordnance, in violation of R.C. 2923.17(A), and theft, in violation of R.C. 2913.02. The charge of burglary stemmed from Mr. Hahn having entered the Corbett residence with the intent to commit the crime of public indecency, in violation of R.C. 2907.09. The charge of theft stemmed from Mr. Hahn taking the items from Ace Hardware, which were found in his apartment, without paying for them. Finally, the charge of possession of dangerous ordinance stemmed from Mr. Hahn's possession of the ammunition clip, which was capable of holding approximately sixty rounds of ammunition. A jury trial was held, commencing on July 6, 1999. At trial, the trial court admitted testimony regarding an incident which had occurred some eighteen years previously in which Mr. Hahn had publicly exposed himself. The trial court refused to give an instruction on the lesser-included offense of burglary, in violation of R.C. 2911.12(A)(4). In a verdict journalized on July 13, 1999, the jury found Mr. Hahn guilty of all three charges. Mr. Hahn was sentenced accordingly. This appeal followed.
 II.
Mr. Hahn asserts four assignments of error. As we find his third and fourth assignments of error dispositive, we will address them first and consolidate his remaining assignments of error to facilitate review.
 A. Fourth Assignment of Error The trial court erred in allowing the State to present evidence of an alleged prior bad act of appellant that was 18 years remote from the crimes charged and that was otherwise irrellevant [sic].
Mr. Hahn avers that the trial court erred in allowing testimony regarding an act of exhibitionism that he committed in 1981, as he avers that it was irrelevant at trial except to show his character and that he acted in conformity therewith in the instant case in regard to the burglary charge. We agree.
"`The trial court has broad discretion in the admission * * * of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, [an appellate] court should be slow to interfere.'" (First alteration in original.) State v. Maurer (1984), 15 Ohio St.3d 239, 265, quoting State v. Hymore (1967), 9 Ohio St.2d 122, 128. To constitute an abuse of discretion, a trial court's action must be arbitrary, unreasonable, or unconscionable. State ex rel. The VCos. v. Marshall (1998), 81 Ohio St.3d 467, 469. "However, where the trial court completely misconstrues the letter and spirit of the law, it is clear that the [trial] court has been unreasonable and has abused its discretion." Warner v. Waste Mgt., Inc.
(1988), 36 Ohio St.3d 91, 99, fn. 10. Moreover, a new trial should not be granted unless the accused was prejudiced or may have been prejudiced by the evidence improperly admitted. R.C.2945.83(C).
Generally, evidence of prior criminal acts, wholly independent of the crime for which defendant is on trial, is inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496, 497. R.C. 2945.59 codifies the exceptions to this rule, providing:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan, or system in doing the act in question may be proved, whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
Evid.R. 404(B) states that
 [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B) is in accord with R.C. 2945.59. State v.Broom (1988), 40 Ohio St.3d 277, 281. Hence, it is necessary to determine whether any of the matters enumerated in R.C.2945.59 were relevant at trial and, if so, whether the testimony that the prosecution elicited regarding other acts of the defendant tended to prove the relevant enumerated matter. State v. Curry (1975), 43 Ohio St.2d 66, 70.
"Because R.C. 2945.59 and Evid.R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." Broom, 40 Ohio St.3d at paragraph one of the syllabus. Moreover, evidence of other acts by a defendant is only admissible when it tends to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question. State v. Burson
(1974), 38 Ohio St.2d 157, 158.
At trial, the state asserted that Mr. Hahn's prior act was relevant to show a common scheme, lack of mistake, or intent. Apparently, the trial court concluded that evidence of Mr. Hahn's prior act was relevant to show Mr. Hahn's purpose in entering the apartment. We will first review the evidence presented at trial of Mr. Hahn's prior act and then determine whether this evidence was relevant to one of the enumerated factors in the statute and rule.
Mr. Hahn's prior act was committed in 1981, some eighteen years prior to the incident at issue here. Further, if Detective Sobie's testimony is believed, Mr. Hahn's prior act involved public exhibitionism. Namely, Detective Sobie testified that Mr. Hahn stood in his apartment window masturbating, apparently receiving some sexual gratification from the stares of passing women who happened to glance in his direction. Hence, Mr. Hahn's prior conduct involves public exhibitionism, rather than breaking into another's apartment with the purpose of exposing oneself to a person who resides there.
Keeping in mind the tenuous, at best, relationship of Mr. Hahn's prior act to the facts of this case, we must determine whether the evidence of Mr. Hahn's prior act was relevant to show any of the enumerated factors, which were relevant at trial. Mr. Hahn never argued that he acted mistakenly or accidentally; therefore, he never raised a defense of lack of intent. The issue at trial was, rather, a factual dispute between Mr. Hahn and Mr. Corbett. See State v. Wilkins (1999), 135 Ohio App.3d 26, 31. Moreover, were we to conclude that prior crimes, some eighteen years removed from the present, are relevant to show the current purpose or intent of the accused, we would contravene the express language of Evid.R. 404(B) which states, in relevant part: "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." Furthermore, the past act and the present charge are not similar except in their most general description. The 1981 incident was one in which Mr. Hahn exposed himself to the public passing his apartment window, while here he is accused of breaking into an empty apartment naked.
On appeal, the state avers that "[t]hese acts were similar in nature, showed a common scheme, and indicated a lack of mistake on the part of the witnesses." We initially note that the "lack of mistake" referred to in the statute and rule reference lack of mistake regarding the accused's intent not the witnesses' observations. We also must conclude that the state's argument that Mr. Hahn's past act was relevant to show common scheme is also flawed. Other acts testimony is relevant and, hence, admissible, under the scheme, plan, or system exception of R.C.2945.59 and Evid.R. 404(B)
 where those acts form part of the immediate background of the crime charged, and hence are "inextricably related" to the act alleged in the indictment; that is, where the challenged evidence plays an integral part in explaining the sequence of events and is necessary to give a complete picture of the alleged crime.
 Thompson, 66 Ohio St.2d at 498. Here, there was no evidence connecting Mr. Hahn's act, some eighteen years distant, to the charges Mr. Hahn faced at trial. See Wilkins,135 Ohio App.3d at 32. Accordingly, we conclude that Mr. Hahn's prior acts were not relevant to show any of the factors enumerated in the statute and the rule.
The state asserts that any error by the trial court in admitting evidence of Mr. Hahn's prior sexually deviant behavior was harmless. However,
 [t]he existence of a prior offense is such an inflammatory fact that ordinarily it should not be revealed to the jury unless specifically permitted under statute or rule. The undeniable effect of such information is to incite the jury to convict based on past misconduct rather than restrict their attention to the offense at hand.
 State v. Allen (1987), 29 Ohio St.3d 53, 55. Hence, we conclude that, due to the inflammatory nature of the testimony regarding Mr. Hahn's prior act as to his burglary conviction, the trial court's error cannot be considered harmless. However, we reach a different conclusion with regard to Mr. Hahn's theft conviction.
As previously noted, the evidence of Mr. Hahn's prior act was extremely prejudicial in regard to the burglary charge because it showed a propensity to commit perverse sexual acts, specifically exhibitionism. Therefore, the jury may well have concluded that Mr. Hahn committed the crime charged because he committed the prior act. However, Mr. Hahn's prior act did not show a propensity to commit theft, nor anything remotely related to theft. It is
 [n]ot that character evidence has no probative value. It's loaded with it, and that's just the trouble. We are afraid that juries will give it too much weight or use it the wrong way altogether. The risk of misuse is at its highest in criminal cases where a jury may reason that someone who committed arson in the past probably did it again — or worse, belongs behind bars whether or not he committed the crime he is charged with now.
McElhaney, Litigation (1995) 262. Here, Mr. Hahn's prior act does not show a propensity to commit theft. Moreover, it is not so inflammatory as to incite the jury to convict Mr. Hahn of a different type of crime. We reach the same conclusion as to Mr. Hahn's conviction for possession of dangerous ordnance. We note that our holding is strictly limited to the unique facts of this case because of the limited testimony on Mr. Hahn's prior act, its relevance to only one crime charged, its lack of prejudicial effect as to the other charges, and the lack of evidence that Mr. Hahn was convicted of a crime regarding his past act. Further, we caution that this analysis is not generally applicable in other situations but is strictly limited in its application. Accordingly, we sustain Mr. Hahn's fourth assignment of error as to his burglary conviction and overrule his fourth assignment of error as to his theft conviction and his conviction for possession of dangerous ordnance.
 B. Third Assignment of Error The trial court erred in denying appellant's motion for acquittal pursuant to Criminal Rule 29 on the theft charge and the theft conviction is against the manifest weight of the evidence.
Mr. Hahn avers that his theft conviction was against the manifest weight of the evidence and was based upon insufficient evidence. Hence, he avers that his conviction for theft should be reversed and that the trial court erred in denying his motion for acquittal pursuant to Crim.R. 29. We disagree.
As a preliminary matter, we note that sufficiency of the evidence produced by the state and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins, 78 Ohio St.3d 380,387.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy." Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
To support a conviction of theft, in violation of R.C.2913.02, the state must prove, beyond a reasonable doubt, that the accused:
 with purpose to deprive the owner of property or services, * * * knowingly obtain[ed] or exert[ed] control over either the property or services in any of the following ways:
 (1) Without the consent of the owner or person authorized to give consent;
 (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
(3) By deception;
(4) By threat.
 "A person acts purposefully when it is his specific intention to cause a certain result * * * ." R.C. 2901.22(A).
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).
In the case sub judice, the evidence adduced at trial showed that, although Mr. Hahn purchased some of the items found in his apartment, other items were not purchased. Many of the items were duplicative, and one item, the coil used for heating a bucket of water, was so unique that any employee who sold the item to Mr. Hahn would, most probably, have recalled the sale. Although Mr. Hahn testified that he sold some of the items to himself — in violation of store policy — he produced no receipt or store record to account for the sale. Moreover, he produced no reasonable explanation as to why he would purchase multiple identical dies. Hence, the jury could have concluded that Mr. Hahn took the items from Ace Hardware without the consent of Ace Hardware with the purpose to deprive Ace Hardware of the items. Accordingly, after thoroughly reviewing the record, we conclude that the jury could have found all the elements of theft and that his conviction was not a manifest miscarriage of justice or against the manifest weight of the evidence. Consequently, we conclude that Mr. Hahn's assertion that the state did not produce sufficient evidence to support a conviction, therefore, is also without merit. SeeRoberts, supra, at 4. Mr. Hahn's third assignment of error is overruled.
 C. First Assignment of Error The trial court erred in instructing the jury when it failed to instruct the jury on an essential element of the offense of Burglary, R.C. 2911.12(A)(1).
 Second Assignment of Error The trial court erred when it refused to instruct the jury on the lesser included offense of Burglary, in violation of R.C. 2911.12(A)(4).
Mr. Hahn avers that the trial court erred in failing to instruct the jury as to all the elements of the crime of burglary and on the lesser-included offense of burglary in violation of R.C. 2911.12(A)(4). As we hold that this cause must be reversed and remanded for retrial of Mr. Hahn's burglary conviction, or other appropriate proceedings, due to improperly admitted evidence, we conclude that appellant's remaining assignments of error are moot. App.R. 12(A)(1)(c).
 III.
Mr. Hahn's fourth assignment of error is sustained in regard to his burglary conviction and overruled in regard to his other convictions. His third assignment of error is overruled. His two remaining assignments of error are rendered moot by our resolution of his fourth assignment of error. Accordingly, the judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings not inconsistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT, WHITMORE, J., CONCURS.