This cause was heard upon the record in the trial court. Each error Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Timothy Watkins has appealed from his conviction in the Lorain County Court of Common Pleas for gross sexual imposition. This Court affirms.
 I, {¶ 2} In May 2001, Appellant was indicted on one count of rape, in violation of R.C. 2907.02(A)(1)(b), and one count of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(A)(4). Each count of the indictment alleged that the victim, J.E., was less than thirteen years of age at the time of the offense.
 {¶ 3} The matter proceeded to trial, and a jury found Appellant not guilty of rape, but guilty of GSI. The trial court then sentenced Appellant to twelve months imprisonment. The court also found Appellant to be a sexually oriented offender, and advised him of his obligations to register as such. Appellant has timely appealed, asserting two assignments of error.
 II. Assignment of Error Number One {¶ 4} "THE ADMISSION INTO EVIDENCE OF ALLEGATIONS OF APPELLANT'S OTHER CRIMES, WRONGS OR BAD ACTS CONSTITUTED REVERSIBLE ERROR."
 {¶ 5} In his first assignment of error, Appellant has argued that the trial court erred in admitting evidence of "other crimes, wrongs, or acts" in violation of Evid. R. 404(B). Specifically, Appellant has contended that the court improperly allowed J.E. to testify that Appellant struck his ex-girlfriend and his then-girlfriend, J.E.'s stepsister.
 {¶ 6} "A trial court enjoys broad discretion in admitting evidence. [An appellate] court will not reject an exercise of this discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice." State v. Long (1978),53 Ohio St.2d 91, 98. "`[A]buse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Lowe (1994),69 Ohio St.3d 527, 532, quoting State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 7} Evidence of prior criminal acts which are wholly independent of the crime for which a defendant is on trial are generally inadmissible. State v. Thompson (1981), 66 Ohio St.2d 496, 497; see, also, R.C. 2945.59. Evid. R. 404(B) provides:
 {¶ 8} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 9} "Because R.C. 2945.59 and Evid. R. 404(B) codify an exception to the common law with respect to evidence of other acts of wrongdoing, they must be construed against admissibility, and the standard for determining admissibility of such evidence is strict." State v. Broom
(1988), 40 Ohio St.3d 277, paragraph one of the syllabus, certiorari denied (1989), 490 U.S. 1075, 109 S.Ct. 2089, 104 L.Ed.2d 653. "[E]vidence of other acts of a defendant is admissible only when it `tends to show' one of the matters enumerated in the statute and only
when it is relevant to proof of the guilt of the defendant of the offense in question." (Emphasis sic.) State v. Burson (1974), 38 Ohio St.2d 157,158.
 {¶ 10} In the case sub judice, J.E. testified that Samantha Garcia, J.E.'s stepsister, and Samantha's two children were living at the residence of Julie Miller. J.E. stated that one evening in November 2000, she went to Julie's apartment to visit Samantha and her two children, and intended to stay the night. J.E. testified that at approximately 2:00 a.m., Appellant, who was Samantha's boyfriend at the time, and two other males arrived at the apartment. According to J.E., Appellant and his companions had been drinking alcohol before they arrived, and they continued to drink and smoke marijuana at the apartment.
 {¶ 11} J.E. also testified that, during the night at Julie's apartment, Appellant followed her around from room to room, touching her breasts, buttocks and pubic area over her clothes. J.E. averred that she tried to make Appellant stop by pushing him away from her. When counsel for the state asked J.E. why she did not immediately tell Samantha about Appellant's improper touching, J.E. replied that Samantha would have confronted Appellant and he would have hit either Samantha or herself. J.E. further testified that the source of her concern was that Appellant had "hit his ex-girlfriend a lot, and he hit [Samantha]."
 {¶ 12} Finally, J.E. testified that Samantha left the apartment the next morning to pick up Julie, who had spent the night at her boyfriend's residence. J.E. stated that Appellant and his companions left at the same time as Samantha, but Appellant soon returned to the apartment, where J.E. was babysitting the children. J.E. testified that Appellant entered the bedroom where she was watching the children, and forced her to engage in sexual intercourse. J.E. related that after approximately fifteen to twenty minutes, she was able to free herself and Appellant fled the apartment, threatening her with physical harm if she told anyone.
 {¶ 13} Appellant has contended that the admission of J.E.'s testimony that Appellant struck Samantha and his ex-girlfriend was inadmissible pursuant to Evid. R. 404(B). We agree. J.E.'s testimony that Appellant struck Samantha and his ex-girlfriend tends to show a propensity for physical abuse, and her testimony concerning Appellant's improper sexual contact alleged conduct in conformity with such a propensity. Furthermore, evidence of Appellant's prior abuse of Samantha and his ex-girlfriend are not admissible for any of the permissible purposes set forth at Evid. R. 404(B) or R.C. 2945.59.
 {¶ 14} However, Appellant has failed to demonstrate that he was materially prejudiced by the admission of this testimony. Where "the other admissible evidence, standing alone, constitutes overwhelming proof of guilt," the allowance of testimony that is inadmissible under Evid. R. 404(B) is harmless. State v. Hutton (1990), 53 Ohio St.3d 36, 41. "Where there is no reasonable possibility that unlawful testimony contributed to a conviction, the error is harmless and therefore will not be grounds for reversal." State v. Brown (1992), 65 Ohio St.3d 483, 485.
 {¶ 15} J.E. testified that Appellant followed her around Julie's apartment, kissing on her and fondling her breasts, buttocks, and pubic area when she and Appellant were out of sight of the others in the apartment. J.E. stated that she moved his hands away from her and told him to stop but Appellant refused to stop touching her. According to J.E., Appellant even prevented her from using the toilet by following her into the bathroom and continuing to fondle her. J.E. also testified that everyone in the apartment fell asleep later that night, and she was awakened by feeling Appellant's hand on her vaginal area over her clothing.
 {¶ 16} Lauren McAliley, a pediatric nurse practitioner at Rainbow Babies Children's Hospital, testified without objection that J.E. reported the same unwanted sexual approaches when she examined J.E. for sexual abuse approximately three weeks after the events at Julie's apartment. Specifically, Ms. McAliley testified that J.E. reported that an individual was "touching inappropriately on her breasts, on her genital area, on the buttocks, with her clothing on[.]" Ms. McAliley also testified that her physical examination of J.E. revealed a transection in the hymen caused by a blunt force or penetrating trauma, from which she concluded that "[i]t was a virtual certainty that [J.E.] had sexual contact and penetration."
 {¶ 17} A "Medical Assessment of Alleged Sexual Abuse" form, prepared by Ms. McAliley, was also admitted into evidence after counsel for both parties agreed to redact certain information therefrom. This document includes a disclosure in question-and-answer form in which J.E. averred that Appellant was "touching and rubbing" on "the outside of my clothes," on J.E.'s "vagina," "chest," and "butt." The abuse assessment form also shows that J.E. reported to Ms. McAliley: "I woke up and he was feeling on me."
 {¶ 18} In light of the jury's acquittal on the rape charge despite the "other acts" evidence, and after review of all the evidence, we find that the "other acts" testimony did not contribute to Appellant's conviction for GSI. Appellant's first assignment of error is without merit.
 Assignment of Error Number Two {¶ 19} "THE TRIAL COURT IMPROPERLY DENIED [APPELLANT'S] [CRIM.R. 29] MOTION FOR ACQUITTAL ON THE ISSUE OF VENUE."
 {¶ 20} In his second assignment of error, Appellant has argued that the trial court erred in denying his Crim. R. 29 motion for acquittal. Appellant has contended that the state failed to adduce sufficient evidence from which the jury could conclude that venue had been proven beyond a reasonable doubt.
 {¶ 21} Crim. R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment *** if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing the legal sufficiency of the evidence to support a criminal conviction, it is the function of this Court:
 {¶ 22} "To examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 23} "`Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." (Quotations omitted.) State v. Thompkins (1997),78 Ohio St.3d 380, 386. A reversal of a verdict based on the insufficiency of the evidence means that no rational trier of fact could have found the defendant guilty. Id.
 {¶ 24} Crim. R. 18(A) provides that "[t]he venue of a criminal case shall be as provided by law." Pursuant to R.C. 2901.12(A), "[t]he trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed." Appellant has contended that the state failed to produce sufficient evidence that the GSI offense of which Appellant was convicted was committed in Lorain County.
 {¶ 25} Venue is not a material element of any crime, but is a fact that must be proven beyond a reasonable doubt. State v. Headley (1983),6 Ohio St.3d 475, 477. "In the prosecution of a criminal case, it is not essential that the venue of the crime be proved in express terms, provided it be established by all the facts and circumstances, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the affidavit." State v. Gribble (1970), 24 Ohio St.2d 85, paragraph two of the syllabus.
 {¶ 26} In the case at bar, both counts of the indictment against Appellant alleged that the activity giving rise to the charges occurred in Lorain County. J.E. testified that these events occurred at Julie's apartment, where her sister Samantha was staying. J.E.'s mother also testified that on the night of the events in question, J.E. went to stay with Samantha, who was living at Julie's apartment. J.E.'s mother further stated that, at that time, Samantha was living in Lorain County, Ohio.
 {¶ 27} In sum, the testimony of J.E. and Samantha established 1) the unwanted sexual contact described by J.E. took place at Julie's apartment, 2) Samantha was living with Julie at that time, and 3) Samantha was then living in Lorain County, Ohio. Viewing the evidence in a light most favorable to the state, a rational trier of fact could have found this testimony sufficient to prove beyond a reasonable doubt that the events giving rise to Appellant's GSI conviction occurred in Lorain County. Appellant's second assignment of error is not well taken.
 II.I {¶ 28} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
BAIRD, J. CONCURS.
SLABY, P.J. CONCURS IN JUDGMENT ONLY